4962.  WOODWARD LUMBER COMPANY *v.* TOWN OF
GRANTVILLE.

A municipal corporation is not liable for material. furnished to a con-
tractor to be used in the construction of a public building in the city,
upon the ground that the municipal authorities have failed to take
from the contractor a bond as required by the act approved August 12,
1910 (Acts 1910, p. 86), for the protection of persons furnishing
material and labor, for the construction of public works.
DECIDED SEPTEMBER 9, 1913.·

Complaint; from city court of Newnan—Judge Post.  May 16,
1913.

*Dodd & Dodd, W. L. Stallings,* for plaintiff.
*Hall & Jones,* for defendant.

POTTLE, J.  In section 1 of the act approved .August 12, 1910,
entitled "an act for the protection of persons. furnishing material
and labor for the construction of public works, and for other pur-
poses," it is provided that any person who enters into a contract
with the State, or a county, or a municipal corporation, for the re-
pair, construction, or prosecution of any public building or public
work shall be required to execute a bond, conditioned .that the con-
tractor "shall promptly make payment to all persons supplying
him or them with labor or material, or both, in the execution of the
work provided for in such contract."  In section 2 it is provided
that the person furnishing the material or labor, after the com-
pletion of the contract and within a year, shall, upon making affi-
davit that the labor or material has been supplied and payment
therefor has not been made, be furnished .with a certified copy of
the bond, "and shall within said period have a right of action
thereon," and be authorized to bring suit on the bond in the name
of the State, county or municipal corporation, as the case may be,
for the use of the person furnishing the labor or material.  Acts
1910, p. 86.  The Town of Grantville entered into a contract with
.John F. Grandy & Son, to construct a school building.  The con-
tractors executed a bond conditioned that they should "faithfully
perform said contract on their part, according to the terms, cove-
nants, and conditions thereof, except as are hereinafter provided."
·The bond contained no condition requiring the contractors to
pay for any labor or material furnished to them.  The Wood-
ward Lumber Company, in the name of the Town of Grantville,

brought suit on the bond, under the act of 1910, for the value of material which had been furnished to the contractors to be used in the construction of the school building. The case reached the Supreme Court, and it was held that as the bond was neither literally nor in substance in accord with the provisions of the act of 1910, suit on the contractors' bond could not be maintained under that act, in the name of the municipality, for the use of one who had furnished material to the contractors but had not been paid. *Town of Grantville* v. *Fidelity & Deposit Co.,* 139 *Ga.* 53 (76 S. E. 575). Thereupon the Woodward Lumber Company brought its action directly against the Town of Grantville, predicating its right to recover upon allegations that the municipal authorities had negligently failed to require of the contractors the bond provided for by the act of 1910. The petition was demurred to, on the grounds, that no cause of action was set out; that the suit was barred by the statute of limitations, having been brought more than two years after the cause of action accrued; and that it did not appear from the petition that any claim in writing had ever been presented to the municipal authorities in accordance with the provisions of section 910 of the Civil Code. The demurrer was sustained, and the plaintiff excepted.

Without reference to whether the suit is barred or whether the claim should have been filed with the municipal authorities as a condition precedent to suit, we are clear that the petition set forth no cause of action. The act of 1910 was passed for the sole benefit and protection of persons furnishing material and labor for the construction of public works. This is its declared purpose as expressed in the title. Persons furnishing material or labor to be used in the construction of private property have a lien, and are therefore protected. They have no such protection in reference to public property. The purpose of the act of 1910 was to afford to persons who furnished material or labor to a contractor, to be used in construction of public works, a remedy for the collection of their debts. To this end it was provided that the public authorities should take from the contractor a bond for the protection of laborers and materialmen, upon which they might bring suit. It does not follow, however, that an action will lie against a municipality which fails to take this bond. Since all persons are bound to take notice of a public law, it may be that a contract with public au-

thorities for the construction of a public work would be void unless the contractors gave the bond required by the statute. As to this, however, we express no opinion. If the contract for the building of the schoolhouse in the Town of Grantville was void, certainly no action would arise against the municipality in favor of one who furnished labor or material to the contractor. In any event the lumber company furnishing material to the contractor was bound at its peril to ascertain the terms of the contract and of the bond executed by the contractor. If it knew the terms of the bond, it furnished the material at its peril. If it did not know that the municipality had failed to take the bond required by the act of 1910, it was guilty of gross negligence, because the contract and bond were matters of public record in the office of the municipal corporation and open to the inspection of all those interested in ascertaining their terms. So that, without discussing the general liability of municipal corporations under section 897 of the Civil Code, or undertaking to determine what are legislative or judicial powers and what are ministerial duties, we are very clear that the petition set forth no cause of action; for the plaintiff has sustained loss as much on account of its own negligence in failing to ascertain the terms of the bond as on account of the failure of the municipality to take the bond required by the act of 1910.　　　　　　　　　*Judgment affirmed.*