STATE HIGHWAY DEPARTMENT OF GEORGIA, for use, etc., *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

No. 6869.  MARCH 14, 1929.

*Spalding, MacDougald & Sibley, Samuel L. Olive,* and *Seward M. Smith,* for plaintiff.

*Underwood, Haas & Gambrell,* for defendant.

GILBERT, J. 1. "An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscientious advantage to the other, may be relieved in equity." Civil Code (1910), § 4576, and see §§ 4567, 4573; *Lucas* v. *Lucas,* 30 *Ga.* 191 (76 Am. D. 642) ; *Mason* v. *Cobb,* 148 *Ga.* 469 (96 S. E. 1042), and cit.; *Green* v. *Johnson,* 153 *Ga.* 738 (4), 749 (113 S. E. 402). Compare Skelton *v.* Federal Surety Co., 15 F. (2d) 756, which deals with the similar question of reformation of a surety bond.

2. One ground of the demurrer attacks the petition on the ground that it fails to allege "that said contract was completed and accepted within one year prior to the institution of this action." Another ground is that W. C. Hill, principal in the bond sued on, was not made a party defendant. In view of the recital in the bill

of exceptions quoted in the statement of facts, it will be assumed that the court held these allegations unnecessary, because the petitioner offered to amend in those respects.

3. Construed as a whole, the petition sets out a cause of action, but the rendition of a money judgment on the bond is dependent upon a reformation of the bond as prayed. The case is not controlled by *American Surety Co.* v. *Small Quarries Co.,* 157 *Ga.* 33 (120 S. E. 617), because in that case it was not sought to reform the bond. Nor was reformation sought in the case of *Woodward Lumber Co.* v. *Grantville,* 13 *Ga. App.* 405 (79 S. E. 221). The court erred in dismissing the petition on general demurrer. No ruling is made upon the special demurrers, as they were not ruled upon by the trial court.

*Judgment reversed. All the Justices concur.*