FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* STATE HIGHWAY DEPARTMENT, for use, etc.

Nos. 8496, 8546.    FEBRUARY 18, 1932.
REHEARING DENIED FEBRUARY 23, 1932.

446

[redacted]

*Haas & Gambrell* and *R. Emerson Gardner,* for plaintiff in error. *Spalding, MacDougald & Sibley* and *Sumter M. Kelley,* contra.

HILL, J. ■ When this case was formerly before this court it was held that "An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscientious advantage to the other, may be relieved in equity." *State Highway Department* v. *Fidelity & Deposit Co.,* 168 *Ga.* 288, 290 (147 S. E. 522). It was held also, that, construed as a whole, the petition set out a cause of action, but that the rendition of a money judgment on the bond was dependent upon a reformation of the bond as prayed. Thereafter the petition was amended. On the trial of the case the jury found that the bond should be reformed, and that the surety company was estopped, as prayed. After the ruling on the demurrers when the case was formerly before this court, the plaintiff amended the petition by making Mrs. A. J. Reynolds, transferee of the Reynolds Grocery Company, a party to the case, and also by striking certain items for which compensation was asked. The court overruled the demurrer to the amendment; and it is held that such ruling was not error.

■ On the trial there was evidence of one commissioner of the Highway Department, who accepted the bond, that it was intended by both parties that the bond should conform to the law. In the contract it was provided also, that, "In order to insure the faithful performance of each and every condition, stipulation, and requirement of the specifications, and to indemnify and save harmless the State from all damages either directly or indirectly, arising

out of any failure to perform same, the contractor will be required to execute and deliver a bond for such an amount as required by the law of Georgia," etc. The law of Georgia requires (Ga. L. 1916, p. 94, sec. 1) that no contract for the doing of any public work shall be valid for any purpose, "unless the contractor shall give bond, payable to the State or other body contracted with, with good and sufficient surety, for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract, conditioned for the completion of the contract in accordance with its terms, for saving the obligee free from all costs and charges that may accrue on account of the doing of the work specified for the payments as they become due of all just claims for work, tools, machinery, skill, and materials furnished by persons under, or for the purpose of, such contract, and for a compliance with the laws appertaining thereto." The language in the bond is similar to the language in the statute of 1916; and the bond itself, taken in connection with other evidence and the circumstances, is sufficient to authorize the jury to find that it was the intention of the parties to the contract· to execute a *statutory bond*.

■ Complaint is made that the court erred in its charge to the jury that they must decide the question at issue by a preponderance of the testimony, whereas the law provides that the evidence must be clear, unequivocal, and decisive as to the mistake. The Civil Code (1910), § 4570, provides: "Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power is exercised with caution, and to justify it the evidence must be clear, unequivocal, and decisive as to the mistake." The court did charge the identical language quoted above, and therefore it is not subject to the criticism made against it in this respect. The charge was not erroneous for any other reason assigned.

■ Other grounds of the motion for new trial, not specifically dealt with, are but elaborations of the general grounds. Applying the foregoing rulings to the facts of this case, the court did not err in refusing a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*