## 28417. SEIBELS, BRUCE & COMPANY *v.* NATIONAL SURETY CORPORATION.

DECIDED NOVEMBER 14, 1940.

*Powell, Goldstein, Frazer & Murphy, Elliott Goldstein,* for plaintiff.

*Harry S. McCowen,* for defendant.

GARDNER, J. The petition as amended alleged, that on July 28, 1938, Windsor Construction Company and F. H. McGowan Inc. entered into a contract with the State Highway Board of Georgia to construct 7.01 miles of roadside improvement in this State; that the construction company, under the Code, §§ 23-1705 et seq., gave as surety the defendant, National Surety Corporation; that the plaintiff, Seibels, Bruce & Company, manager of the Glen Falls Indemnity Company of Glen Falls, New York, entered into two contracts of insurance with the road contractor, one covering "workmen's compensation and employer's liability coverage," and the other "public liability and property damage coverage;" that on the former policy a premium of $1235.65 was earned, and on the other a premium of $546.12 was earned, aggregating $1781.77; that the principals on the bond became insolvent; and that the surety had completed the contract with the State Highway Board. It is contended by the plaintiff that the defendant is liable for the aggregate amount of said premiums, by reason of the provisions of the

Code, and a notice issuing from the State Highway Board to the contractor.

It will be necessary for us to examine the Code sections and the notice. The Code, § 23-1705, dealing with bonds for public contractors, declares: "No contract with this State, a county, municipal corporation, or any other public board or body thereof, for the doing of any public work shall be valid for any purpose, unless the contractor shall give bond, payable to the State or other body contracted with, with good and sufficient surety, for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract, conditioned for the completion of the contract in accordance with its terms, for saving the obligee free from all costs and charges that may accrue on account of the doing of the work specified for the payments as they become due of all just claims for work, tools, machinery, skill and materials furnished by persons under, or for the purpose of, such contract, and for a compliance with the laws appertaining thereto. The penalty of such bond shall be not less than the contract price." The notice to the contractors issued by the State Highway Board, generally and in this case, reads as follows: "Bond will be required of the successful bidder as required by law. The bond must be written by a licensed Georgia agent in a company licensed to write surety bonds in the State of Georgia, and accompanied by a certificate from the Department of Industrial Relations that the contractor is complying with the Georgia workmen's compensation law." The law of this State with reference to employer's liability insurance and to workmen's compensation thereunder reads as follows (Code, § 114-602): "Every employer who accepts the provisions of this Title relative to the payment of compensation shall fully insure and keep fully insured, unless otherwise ordered or permitted by the Department of Industrial Relations, his ability hereunder in some corporation, association, or organization, licensed as provided by law to transact the business of workmen's compensation insurance in this State, or in some mutual insurance association formed by a group of employers so licensed, or shall furnish to the department satisfactory proof of his financial ability to pay directly the compensation in the amount and manner and when due as provided for in this law. In the latter case the department may in their discretion require the de-

posit of acceptable security, indemnity or bond to secure the payment of compensation liabilities as they are incurred: Provided, that it shall be satisfactory proof of the employer's financial ability to pay directly the compensation in the amount and manner when due, as provided for in this title, and the equivalent of acceptable security, indemnity or bond to secure the payment of compensation liabilities as they are incurred, if the employer shall show to the department that he is a member of a mutual insurance company, duly licensed to do business in this State by the insurance commissioner, as provided by the laws of this State, or of an association or group of employers, so licensed, and as such is exchanging contracts of insurance with the employers of this and other States, through a medium specified and located in their agreements between each other, but this proviso shall in no wise restrict or qualify the right of self-insurance as hereinbefore authorized. Nothing herein shall be construed to require an employer to place his entire insurance in a single insurance carrier."

This court is called on to decide whether or not the premiums for which suit is brought may be recovered from the surety on the bond executed in compliance with § 23-1705. This court has held that there are two main conditions of the bond under this section: first, to guarantee and insure the completion of the contract in accordance with its terms and specifications; second, to guarantee the payment to third parties of "work, tools, machinery, skill and materials." *Whitley* v. *Bryant, 59 Ga. App.* 58 (200 S. E. 317). We are not concerned with the failure to complete the contract. Our only concern is whether the premiums sued for should be classified and included in the words "work, tools, machinery, skill and materials." The plaintiff contends that this court should so construe the statute; that the State Highway Board, by a long custom of having the contractor comply with the workmen's compensation insurance law as a condition precedent to awarding contracts, has established a usage which demands this construction; and that the liberality with which this and other courts have construed this and other similar statutes should entitle the plaintiff to prevail. Much stress is put upon the notice which the State Highway Board gave to the contractor as a condition precedent to the awarding of the contract to it. It will be discerned from reading the notice that the State Highway Board did not require that the contractor pro-

cure workmen's compensation insurance from an insurance company, but only required that the bond be "accompanied by a certificate from the Department of Industrial Relations that the contractor is complying with the Georgia workmen's compensation law." The statutes as (Code, §§ 114-602, 114-605) provide ways by which an employer may comply with the workmen's compensation act, other than by procuring a policy of insurance therefor. It is true that the Department of Industrial Relations is the judge, under the particular facts of each employer, as to which method shall be required upon an application or other hearing, but there is nothing to show that the particular compliance which prevails in this case was required by the Department of Industrial Relations. We are not in position to say that if an employer complied with the provisions in some other method contained in the statute the Department of Industrial Relations could arbitrarily deny him this right. Compliance by some way other than the insurance provided for by the statute may not be an arbitrary discretion with the Department of Industrial Relations, but may be a matter of right of the employers. However, this question is not before us. If it were, we do not think it would make any difference.

To impress the statute in the manner requested by plaintiff, we would be compelled to hold that insurance premiums on policies issued to employers for compensation insurance would come within the same class of items as "work, tools, machinery, skill, and materials." We do not think the statute sufficiently broad to include such items, notwithstanding the words, "and for a compliance with the laws appertaining thereto." Code, § 23-1705. We think it is clear that this last class refers to lien laws or remedies which appertain to persons furnishing "work, tools, machinery, skill and materials," designed to protect them. This is evidently true for the reason that the legislature, we think, intended that the bond should protect those third parties only who would have liens under the general lien laws of this State. Third parties could have no liens against the property of the State for furnishing such items. It is interesting to consider that our general laws provide liens to parties furnishing the items named in the statute, but make no such provision for the items making up the plaintiff's claim. It will be noted that all the decisions of this State, and of other jurisdictions which have dealt with the question now under considera-

tion, have dealt with the question of what was meant by "work, tools, machinery, skill, and materials," and as to what persons were protected in furnishing them. In so doing the authorities have gone to the extent of holding that food and feedstuffs furnished to laborers while on the work were such items as came within the proviso of the statute, and that persons furnishing work, actual repairs, and parts for machinery, came within its provisions. These are items of similar import. Nowhere have we been able to find, nor has counsel cited any decision, where it has been held that insurance premiums of the nature involved here were held to come within the provisions of a statute containing language of similar import to the Code section now under consideration. Where the statute itself contains a provision that workmen's compensation insurance should be made a condition of the contractor's bond, a different situation exists. Indeed counsel for plaintiff do not contend that the statutes in question expressly require the interpretation which they seek to invoke, but contend that the proper construction of the statute under decisions of the courts would imply that the claim of the plaintiff comes within the provisions of the statutes. We do not think so. For the purpose before us, Code §§ 23-1705, 114-601, and 114-602 should be construed together. When so construed, it would be without the intent of the statute to hold that the plaintiff is entitled to recover from the surety company the items for which suit is brought. The condition of the bond sued on in this particular follows the statute. The items consisting of these insurance premiums are not included in claims for work, tools, machinery, skill, or materials furnished under or for the purpose of such contract.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*