29350. MOTOR SUPPLY COMPANY *v.* SAINT PAUL MERCURY INDEMNITY COMPANY *et al..*

DECIDED MARCH 20, 1942. REHEARING DENIED APRIL 3, 1942.

*Wylly & Javetz,* for plaintiff.    *Hoyt H. Whelchel,* for defendants.

STEPHENS, P. J.  Motor Supply Company brought suit against F. M. Jones and Leo T. Barber and St. Paul Mercury Indemnity Company, in which it sought to recover for certain materials alleged to have been furnished Jones and Barber and used by them in the construction of two highway projects pursuant to a contract between these defendants and the State Highway Department. The petition as amended alleged, that Jones and Barber, in compliance with the Code, § 23-1705, executed a bond with St. Paul Mercury Indemnity Company as surety, in favor of the State Highway Board of Georgia, for the use of the obligee and "of all persons doing work or furnishing skill, tools, machinery or ma-

terials" under a contract, and conditioned among other things that Jones and Barber should "pay all just claims for work, tools, machinery, skill and material furnished by persons under" the contract; that Jones and Barber contracted with the highway department for the grading of .642 miles of highway in Glynn County including hauling the soil; that "contiguous with" this highway project Jones and Barber entered into another highway construction contract with the highway department, and that the projects together "when completed constitute a continuous stretch of highway approximately" 3.283 miles long, forming a portion of the same highway; that the equipment of Jones was used in the hauling of the soil and the grading of such highway projects, and that the equipment of Barber was not used therein; that such projects were "for all practical purposes one and the same highway construction job." It appeared from the allegations of the petition as amended that the contract price for the hauling of earth and the grading of the two projects, the contract for which St. Paul Mercury Indemnity Company stood surety, amounted to 36.96 per cent. of the total contract price for the hauling and grading of the three road projects totaling 3.283 miles; that the plaintiff furnished Jones and Barber "skill, tools, machinery, and materials," which "were used and consumed in the completion" of the entire road project, to the extent of $1528.09, and that 36.96 per cent. and 4.14 per cent. of such "skill, tools, machinery, and materials" were "consumed in the hauling and grading of" the road projects amounting to .642 miles in length, the contract for which St. Paul Mercury Indemnity Company executed the indemnity bond sued on. It therefore appears under the allegations that the percentages of the "skill, tools, machinery, and materials" furnished by the plaintiff to Jones and Barber and "consumed in the hauling of earth and the grading" of the portion of the highway projects included in the bond of St. Paul Mercury Indemnity Company amounts to $628.04, or 51.10 per cent. of $1528.09. It was alleged that "more than ninety days have passed since the acceptance by the State Highway Board of Georgia on November 15, 1939, of said projects, . . and that no suit has been brought by the obligee on said bond against any of the obligors on said bond." The plaintiff prayed for judgment against all the defendants for $628.04. From the itemized bill of particulars attached

to the petition it appeared that tools, machinery, and materials furnished by the plaintiff to Jones and Barber under the contract consisted of connecting rods, head gaskets, spark plugs, brake fluid, hand gaskets, belts, gears, battery cable, clutch facings, brake parts, batteries, bolts, washers, and other similar articles.

Barber demurred to the petition as amended on the ground that it appears from the petition that no cause of action is alleged against him, and because it does not appear what "skill, tools, machinery or materials were used and consumed" in the project covered by the bond, and because it affirmatively appears from the petition "that the items sued for were not used or consumed solely on the project covered by the bond sued on and did not specially contribute to the execution of the contract covered by the bond sued on and nothing else, it affirmatively appearing that the articles sued for were properly chargeable to the plant and equipment of the contractor and were available and used not only for the work covered by the bond sued on but for other work as well." St. Paul Mercury Indemnity Company, separately demurred to the petition as amended on the same general grounds. The judge sustained the demurrers and dismissed the action, reciting in his order as follows: "I can not escape the logic of the contention of the defendants that notwithstanding the fact that these several highway projects described in the petition were contiguous, that is to say, they adjoined each other on the same highway, nevertheless, they were separate jobs, separate contracts, and the skill, labor, and material furnished were not only of such a character that they could be used on other jobs, other contracts, but as a matter of fact they actually were used on these two separate jobs of contiguous highway pavement." The judge then stated in his order that for such reason and under the authority of *Yancey Brothers Inc.* v. *American Surety Co.*, 43 *Ga. App.* 740 (160 S. E. 100), the general demurrers were sustained, and the petition dismissed. The plaintiff excepted.

The Code, § 23-1705, provides that one contracting to construct or grade a public highway shall give a bond "for the use of the obligee and of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract, conditioned for the completion of the contract in accordance with its terms, for saving the obligee free from all costs and charges

that may accrue on account of the doing of the work specified for the payments as they become due of all just claims for work, tools, machinery, skill and materials furnished by persons under, or for the purpose of, such contract." A bond given under this section is to be liberally construed to effect the purpose of the law in requiring contractors to execute such bonds. *Somers Construction Co.* v. *Atlantic Coast Line Railroad Co.*, 62 *Ga. App.* 23 (7 S. E. 2d, 429). The purpose of this law is to protect those who furnish such "work, tools, machinery, skill and materials" in the execution of contracts for public works to which the mechanics and materialmen's lien laws of the State do not apply. *Whitley* v. *Bryant*, 59 *Ga. App.* 58 (200 S. E. 317). Under the allegations of the petition it appears that 36.96 per cent. and 4.14 per cent. of "the skill, tools, machinery and materials" furnished for the entire road project were used and consumed in the completion of the contract of Jones and Barber for the .642 miles of such highway covered by the bond of the indemnity company. It appears from the itemized exhibit attached to the petition that most if not all of the tools, machinery, and materials furnished by the plaintiff were used in incidental and current repairs to the trucks, the tractors, and other equipment which the petition alleges were used in the completion of the highway project, including that part thereof covered by the bond of the defendant company. The plaintiff does not seek to recover for the material used in the completion of the entire highway project, but only for the portion used in the completion of the part of the highway which was constructed under the contract covered by the bond of the defendant company. It does not appear that the plaintiff is seeking to recover for any materials used on this highway work except that portion used to complete the contract involved here. The fact that the petition does not identify the particular and specific tools and materials furnished and used on the work under the contract involved in this case does not render it subject to general demurrer. There is nothing in *Yancey Brothers Inc.* v. *American Surety Company*, supra, to the contrary of what is now held. If on the trial it appears that any of the tools, machinery, and materials furnished by the plaintiff were not used in incidental and current repairs to the equipment and machinery of Jones and Barber, under the contract here involved, but were used elsewhere, or were such as to amount to substantial

additions to the equipment of these defendants, and involved major repairs and replacements of old with new parts, the plaintiff can not recover therefor under the rule laid down in the *Yancey* case. The petition as amended makes a case for liability of the surety under the Code, § 23-1705, which requires the execution of such a bond "for the use . . of all persons doing work or furnishing skill, tools, machinery, or materials under or for the purpose of such contract," which bond is conditioned for the payment of "all just claims for work, tools, machinery, skill and materials furnished by persons under, or for the purpose of, such contract."

It follows that the court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Sutton, J., concurs. Felton, J., dissents.*