30236. SAINT PAUL MERCURY INDEMNITY COMPANY *et al. v.* MOTOR SUPPLY COMPANY.

DECIDED MARCH 2, 1944. REHEARING DENIED MARCH 16, 23, 1944.

*Hoyt H. Whelchel,* for plaintiffs in error.

*Wylly & Javetz, Aaron Kravitch, Andrew J. Ryan Jr.,* contra.

SUTTON, P. J. This case has been here before. See *Motor Supply Co.* v. *Saint Paul Mercury Indemnity Co.,* 67 Ga. App. 236 (19 S. E. 2d, 737), for a statement of the case. It was there held that the petition set out a cause of action good as against the demurrer.

It appears from the petition that F. M. Jones and L. T. Barber entered into certain contracts with the State Highway Department for the construction of a continuous stretch of highway approximately 3.283 miles long, consisting of three contiguous projects, to wit: projects Nos. FAGH 355 B(1), SAP 829, and FAGH D(1). The type of work to be done on these jobs by Jones and Barber was grading and hauling soil, and the total contract-price for the three projects was $69,482.83, the contract-price for project FAGH 355 B(1) being 36.96 per cent. and that for project SAP 829 being 4.14 per cent. of the total contract-price of the three projects, these two projects together being 41.10 per cent. of the total for the three projects. In compliance with the Code, § 23-1705, a bond covering the last two mentioned projects was executed to the State Highway Board of Georgia by Jones and Barber as principals and Saint Paul Mercury Indemnity Company as surety, for the use of the obligee and "of all persons doing work or furnishing skill, tools, machinery or materials" under the contract to Jones and Barber. This suit was brought by Motor Supply Company against the principals and surety on the bond. The petition

alleged that the plaintiff furnished to Jones and Barber between November 14, 1938, and May 21, 1940, skill, tools, machinery, and materials to the extent of $1528.09, and that said skill, tools, machinery, and materials "were used and consumed in the completion of said three projects;" that 36.96 per cent. of said skill, tools, machinery, and materials was consumed in the hauling of soil on project No. FAGH B(1), which per cent. of the aforesaid $1528.09 amounted to $564.78, and that 4.14 per cent. of said skill, tools, machinery, and materials was consumed in the hauling of earth and the grading of project No. SAP 829, which per cent. of the aforesaid $1528.09 amounted to $63.26; that more than 90 days had expired since the acceptance of the projects FAGH 355 B(1) and SAP 829 by the State Highway Board of Georgia on November 15, 1939, and that no suit had been brought by the obligee on said bond. A copy of the bond and also an itemized statement of materials, etc., furnished to the amount of $1528.09 were attached to the petition. The petition was amended by striking the figures $1528.09, and inserting in lieu thereof $1262.28, by striking the figures $564.78, and inserting in lieu thereof $466.79, by striking the figures $63.26, and inserting in lieu thereof $52.26, by striking the figures $628.04, and inserting in lieu thereof $518.79. The petition as finally amended prayed judgment against Barber and the surety company for $518.79, and against Jones for $628.04.

Barber filed an answer in which he admitted the execution of one contract covering projects 355 B(1) and SAP 829, and the execution of another contract covering project 355 D(1); he admitted the allegations of the petition as to the contract-price involved in the contracts; that the projects covered by the bond sued on had been accepted; and that no suit had been brought on the bond. He admitted that the bond was given for the purposes set out in the bond, and for no other. He admitted that the projects as set out in the original petition constituted one continuous stretch of highway, that the equipment of Jones and his equipment were used in the construction of the projects, and that at times work was being done on the projects at the same time. He denied any liability to the plaintiff. Saint Paul Mercury Indemnity Company answered, admitting the execution of the contract by Jones and Barber for the road projects covered by the bond; admitted that it executed the bond for the purposes contemplated by law by

such a bond; but denied any indebtedness or liability to the plaintiff in this suit. The defendant Jones filed no answer.

After the plaintiff had introduced its evidence, the defendants made a motion for a nonsuit, which was overruled. No evidence being offered by the defendants, the court directed a verdict for the plaintiff for the amounts sued for in the amendment last-above mentioned. Barber and Saint Paul Mercury Indemnity Company brought the case here by a direct bill of exceptions.

The evidence supported the petition as to the proportionate cost of the grading and hauling in the two projects involved in this action as compared with the cost of the grading and hauling involved in the three contiguous projects: that is, the cost of grading and hauling in the two projects covered by the bond was 41.10 per cent. of the cost of the grading and hauling in the three projects combined. This percentage is incorrectly stated in the former opinion as being 51.10 per cent. The evidence showed that the materials and supplies listed on the itemized account introduced in evidence were put on road-machines, trucks, tractors, and vehicles used on the three projects, and that the trucks and other vehicles were used on all the projects interchangeably, as the projects were being carried out simultaneously; that the parts, materials, and supplies were used in incidental and current repairs to the machinery and equipment of Jones and Barber; that the parts and materials furnished said contractors by the plaintiff were for minor repairs which were consumed in their use on the three jobs combined. The present suit does not seek a recovery for the total cost of all of the materials furnished by the plaintiff to the defendant contractors and used in the completion of the entire highway project of approximately 3 miles, but only for the portion used in the completion of that part of the highway which was constructed under the contract covered by the bond sued on; that is, the suit seeks to recover for 41.10 per cent. of the cost of the materials used and consumed on the entire road project. The plaintiffs in error contended when the case was here on demurrer, that the plaintiff was not entitled to recover because the items sued for were not used or consumed solely on the project covered by the bond sued on. Their contention in that respect was adjudicated adversely to them by the former decision of this court in this case, where it was held that there could be a recovery on a percentage basis in this case. It

appears from the evidence that the materials and supplies sued for were used and consumed on the three contiguous road projects, and the evidence supported the allegations of the petition as to the percentage thereof that was used and consumed on the projects covered by the bond. There was evidence that the three projects consisted of the same type of work, and that the amount of work done by the various trucks and machines on one job would be the same as on the other, varying only in the size of the job.

The court did not err in admitting the invoices in evidence.

Under the evidence and the former decision in this case, the court did not err in overruling the defendants' motion for a nonsuit, and in thereafter directing a verdict for the plaintiff.

*Judgment affirmed. Parker, J., concurs.*

FELTON, J., dissenting. If the majority of the court is correct in its interpretation of the former ruling in this case, it is correct in its ruling and judgment in this case; but I am of the opinion that the former ruling is not susceptible to the construction placed on it by the majority. I do not think the former ruling upholds the petition on the ground that it seeks to recover for an unidentified percentage of parts and material used on the two jobs covered by the contract and bond here involved. In the first place, such a ruling, in my opinion, is not the law. To illustrate: I do not think a recovery could be had in such a case for 50% wear on a tire, when the other 50% of use and worthiness of the tire is still available to the owner for use on other jobs. The principle is the same, if the other 50% is used on another job. I think the petition was held good against general demurrer because it was interpreted to allege that all or substantially all of the life of 41.10 per cent. of the materials used were consumed in the two projects in question, which the evidence does not support. More than half of the material was used in jobs not here involved. In the second place, I think the following statements in the former ruling bear out my position. It was there stated: "The fact that the petition does not identify the particular and specific tools and materials furnished and used on the work under the contract involved in this case does not render it subject to general demurrer. There is nothing in *Yancey Brothers Inc.* v. *American Surety Co.* [43 *Ga. App.* 740], to the contrary of what is now held. If on the trial it appears that *any* of the tools, machinery, and materials furnished by

the plaintiff were not used in incidental and current repairs to the equipment and machinery of Jones and Barber, *under the contract here involved,* but were used elsewhere, or were such as to amount to substantial additions to the equipment of these defendants, and involved major repairs and replacements of old with new parts, the plaintiff can not recover therefor under the rule laid down in the *Yancey* case." The majority's interpretation of the former ruling, in my judgment, would make it possible for one to recover for 1% of material used on each of one hundred separate and distinct jobs, each covered by a separate contract and bond. I dissent from the rulings and judgment.