54776. PEMBROKE STATE BANK v. BALBOA INSURANCE COMPANY et al.

BANKE, Judge.
The City of Pembroke contracted with E. S. Miles Construction Co. for the construction of water main extensions in the city. In accordance with his obligation as a public contractor (see Code Ann. § 23-1705 (as amended

through Ga. L. 1975, pp. 810, 811)), Miles executed a payment and performance bond for the project, with Balboa Ins. Co. named as surety. On June 4, 1976, after beginning work, Miles obtained a loan of $27,000 from the appellant, Pembroke State Bank, assigning as security the proceeds from its contract with the city. The record does not indicate what disposition was made of these loan funds.

One of Miles' suppliers subsequently notified the city and Balboa Ins. Co. that Miles was delinquent in paying for materials which it had furnished to the project. Faced with this and other claims for funds in its possession which Miles had already earned under the contract but which the city had not yet paid to him, the city filed a complaint for interpleader naming Miles, Balboa, the bank, the materialman, and, by later amendment, a subcontractor as defendants. The materialman and the subcontractor filed cross claims against Balboa on the performance bond for the cost of material and labor furnished to the project. The trial court awarded them summary judgment on these claims and also awarded summary judgment to Balboa on its claim to priority over the funds interpleaded into court by the city to the extent that it satisfied the judgment in favor of the materialman and subcontractor. The bank filed this appeal, contending it has priority over the funds.

The bank predicates its claim to the contract proceeds upon the security interest which it acquired in them in return for the loan to Miles, contending that this security interest gives it priority over Balboa under Article 9 of the Uniform Commercial Code. However, Balboa's surety agreement with Miles was executed well before that loan transaction, giving Balboa a prior equitable interest in the contract proceeds independent of the Uniform Commercial Code. As stated by this court in *Argonaut Ins. Co. v. C. & S. Bank,* 140 Ga. App. 807, 814-815 (232 SE2d 135) (1976): "The surety, in a sense, is 'secured' by its right of subrogation, which relates back to the issuance of the bond to defeat intervening creditors. [Cits.] . . . We hold that the Uniform Commercial Code does not abrogate, modify, affect or abridge the equitable doctrine of subrogation, and that . . . the surety . . . was not

required to file under the Code to preserve its priority under the equitable right of subrogation. [Cit.]" See Code Ann. §§ 103-501, 103-502.

The supplier and subcontractor in this case were prevented by Code § 69-305 from enforcing statutory liens against the city's property to collect on their claims. This does not mean, however, that they were without any rights to which Balboa could be subrogated under the doctrine set forth in *Argonaut,* supra. Since a statutory lien was unavailable to them, the trial court declared an equitable lien in their favor, as it was authorized to do. See Code § 37-102; *Coleman v. Freeman,* 3 Ga. 137 (1847); *Williams v. Jay,* 173 Ga. 372, 374-375 (160 SE 426) (1931). Balboa was then properly held subrogated to their rights under this equitable lien upon payment of their claims.

The remaining contentions of the appellant are rendered moot by the foregoing.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED JANUARY 26, 1978.

*Kenneth S. McBurnett,* for appellant.

*Palmer & Krontz, J. Larry Palmer, Chris C. Howard, Jr., Bobby F. Herndon, Charles H. Watt, III, James B. Franklin, Dale R. F. Goodman, Charles H. Brown, Richard Phillips,* for appellees.