## A94A1836. ABE ENGINEERING, INC. v. FULTON COUNTY BOARD OF EDUCATION.
### (448 SE2d 221)

BLACKBURN, Judge.

This is an appeal from the trial court's grant of summary judgment in favor of the appellee, Fulton County Board of Education a/k/a Fulton County School District, hereinafter referred to as FCBE.

FCBE entered into a contract with Williams Construction Company for the construction of Sandtown Elementary School, and Williams subsequently entered into a separate and independent agreement with the appellant, Abe Engineering, Inc., to perform pregrading and utilities work on the project. Prior to the commencement of the work on the project, Williams obtained a payment bond with Travelers Indemnity Company pursuant to OCGA §§ 13-10-1 and 36-82-101. A dispute later arose between Abe and Williams concerning the payment for work performed pursuant to the subcontract agreement and Abe notified FCBE of this dispute. The matter proceeded to arbitration, and in June 1992, Abe was awarded $134,944.33 against Williams. However, in July 1991, based upon Williams' representation and FCBE's verification of the completion of the work on the school, FCBE made final payment to Williams for the work performed on the project. Williams has since closed its Columbus, Georgia, operations and is allegedly insolvent.

On September 17, 1992, Abe filed suit against Travelers for payment pursuant to the terms of the payment bond, and the record shows that this action is presently pending. Abe, through its president Dhiru Parekh, pro se, commenced the instant action on June 9, 1993, against FCBE based upon FCBE's failure to satisfy the arbitration award entered against Williams.

1. In its first enumeration of error, Abe maintains that the trial court erred in denying his motion for an extension of time in which to respond to FCBE's motion for summary judgment. We disagree.

Under OCGA § 9-11-6, a trial court has the discretion to extend the time period in which a party may respond to a motion for sum-

mary judgment upon a showing of good cause. " 'Broad discretion is vested in the trial court to determine whether "good cause" exists and what constitutes "good cause." (Cit.)' [Cit.] The determination of 'good cause' is within the sound discretion of the trial court, and we will not reverse a decision of the trial court unless such discretion [wa]s manifestly abused. [Cit.]" *Piedmont Hosp. v. Draper*, 205 Ga. App. 160, 163 (421 SE2d 543) (1992).

In the case sub judice, Abe sought an extension to obtain additional information not directly relevant to the issues presented in FCBE's motion for summary judgment. Considering the basis for Abe's motion for an extension of time in addition to Abe's simultaneous filing of a response to the motion for summary judgment along with the motion for an extension, rendering the later motion moot, we cannot say that the trial court manifestly abused its discretion in denying the motion.

2. We further agree with the trial court that FCBE was entitled to summary judgment on Abe's claim for payment of the arbitration award entered against Williams. " 'A county is not liable to suit for any cause of action unless made so by statute.' OCGA § 36-1-4." *DeKalb County v. J & A Pipeline Co.*, 263 Ga. 645, 646 (437 SE2d 327) (1993). Under OCGA § 36-82-102, a public body is not liable to a subcontractor for labor, skills, tools, machinery, or materials used under a public works contract unless the public body fails to accept a payment bond or security deposit from the general contractor pursuant to OCGA §§ 36-82-101 and 13-10-1. *J & A Pipeline*, supra. If the public body obtains a payment bond from the general contractor that is presented to, approved by, and filed with the appropriate county official, and the bond on its face purports to be for the use and protection of materialmen and subcontractors, any direct action of a subcontractor must fail. Id. Georgia courts have held that boards of education are public boards within the meaning of OCGA § 36-82-101. See *Consolidated Elec. Supply v. Bishop Contracting Co.*, 205 Ga. App. 674 (423 SE2d 415) (1992).

In this case, it is undisputed that the FCBE accepted a payment bond from Williams pursuant to OCGA §§ 36-82-101 and 13-10-1 on the construction of the elementary school. In addition, there is no question that the payment bond in issue met the statutory requirements of OCGA § 36-82-102 and was approved by and filed with the appropriate official. Contrary to Abe's assertions, FCBE was not required by statute to obtain an additional payment bond from Williams pending the outcome of the arbitration proceeding on Abe's payment dispute with Williams. Inasmuch as FCBE complied with the requirements of OCGA § 36-82-102, it cannot be held liable for Abe's claim for payment based upon work performed under FCBE's construction contract with Williams. Accordingly, summary adjudica-

tion in its favor was warranted.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 28, 1994 —
RECONSIDERATION DENIED AUGUST 26, 1994 —

Dhiru V. Parekh, *pro se.*
*Sutherland, Asbill & Brennan, William R. Wildman, Charles T. Lester, Jr.,* for appellee.