**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**September 25, 2012**

# In the Court of Appeals of Georgia

A12A1032. COPELAND v. WELLS FARGO BANK, NA.

BOGGS, Judge.

In this action seeking the proceeds of a certificate of deposit originally issued by Georgia Federal Bank, Elmore Copeland appeals from the trial court's grant of summary judgment in favor of defendant Wells Fargo Bank, N.A.[1] Because the trial court correctly held that Copeland's action is barred by res judicata, we affirm.

On September 18, 2003, a judgment was entered on a jury verdict in Fulton Count Superior Court against Copeland and in favor of James Harris and Mark Underwood in the amount of $115,800. A writ of fieri facias was issued on October 2, 2003. Harris and Underwood filed a garnishment proceeding in Fulton County

---

[1]Through a series of acquisitions and mergers, Georgia Federal Bank became First Union National Bank, which became Wachovia Bank, N.A., which became Wells Fargo Bank, N.A., the successor in interest to its predecessors.

State Court, naming Wachovia Bank, N.A. as the garnishee. Copeland was served with copies of the garnishment proceeding on October 10, 2003. On November 5, 2003, Wachovia answered that it held a certificate of deposit, Copeland's property, and paid the sum of $42,344.58 into the registry of the court. Wachovia received no traverse to the garnishment or any other objection from Copeland.

On March 18, 2011, seven years and four months after the deposit of the garnished sums into court, Copeland filed this action in Fulton County Superior Court against "Wells Fargo/Wachovia", seeking the proceeds from the certificate of deposit. Appellee Wells Fargo answered and moved for summary judgment on August 18, 2011, asserting good faith compliance with a garnishment proceeding under OCGA § 18-4-92.1, res judicata, the statute of limitation applicable to conversion claims, and failure to demonstrate the elements of a claim for conversion. On September 6, 2011, Copeland moved for a "30-45 days" extension of time to respond to the motion, which was opposed by Wells Fargo. Copeland never responded to Wells Fargo's motion for summary judgment.

On October 11, 2011, the trial court granted summary judgment to Wells Fargo, finding that Copeland's claim was barred by the statute of limitation and by the doctrine of res judicata, and Copeland appeals.[2]

1. We first consider Copeland's contention that the trial court erred in failing to rule on his request for an extension of time to respond to Wells Fargo's Motion for Summary Judgment. But "[p]retermitting whether the trial court failed to timely rule on [Copeland's] motion, in order to obtain the reversal of the judgment herein, [Copeland] must prove both harm and error. [Cit.]" *Lewis v. Uselton*, 224 Ga. App. 428, 430 (4) (480 SE2d 856) (1997).

Copeland asserted in his motion that the "litigation [has] become more [co]mplicated" and that "lega[l] representation is needed" and claims that he "knew he was in well over his capacity and was in dire need of retaining counsel" as well as having several other legal matters pending. But Wells Fargo asserted essentially the same defenses in its answer as in its motion for summary judgment, and further averred in response to Copeland's motion that its counsel discussed the case and the impending motion for summary judgment with Copeland in June and July of 2011,

---

[2]Copeland also filed a motion for reconsideration, which was denied because he had already filed a notice of appeal.

that Copeland elected at that time to proceed without counsel, and that "nothing has changed." Moreover, Copeland received the 30 days he requested, as the trial court did not rule on the motion for summary judgment until 36 days after his motion, but he never obtained counsel and never filed a brief in response.

> Under OCGA § 9-11-6, a trial court has the discretion to extend the time period in which a party may respond to a motion for summary judgment upon a showing of good cause. Broad discretion is vested in the trial court to determine whether good cause exists and what constitutes good cause. The determination of good cause is within the sound discretion of the trial court, and we will not reverse a decision of the trial court unless such discretion was manifestly abused.

(Citations and punctuation omitted.) *Abe Engineering v. Fulton County Bd. Of Ed.*, 214 Ga. App. 514, 514-515 (448 SE2d 221) (1994). We therefore conclude that even if the trial court failed to rule on Copeland's motion for extension of time, he has failed to show harm.

2. Copeland asserts that the trial court erred in granting summary judgment on the ground of res judicata. In a brief and conclusory argument, he contends that the present action lacks identity of parties and subject matter with the prior garnishment proceeding and that there was no prior adjudication on the merits. But

4

a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside. OCGA § 9-12-40. When several requirements are met, the prior action operates as a bar to a subsequent action: the first action must have involved an adjudication by a court of competent jurisdiction; the two actions must have an identity of parties and subject matter; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action.

(Citations and punctuation omitted.) *Lamb v. First Union Brokerage Svcs.*, 263 Ga. App. 733, 736 (1) (589 SE2d 300) (2003). Here, those requirements are met by the earlier garnishment proceeding. "[A] final judgment has the effect of res judicata between the parties and their successors in interest." (Citations and punctuation omitted.) *Brookins v. Brookins*, 257 Ga. 205, 207 (2) (357 SE2d 77) (1987).

"As the debtor in the garnishment action, [Copeland] was required to assert any claim superior to [Harris and Underwood] to the funds held by the garnishee" in that action, and res judicata bars not only issues that were litigated but "all issues which could have been litigated in the prior action." *Lamb*, supra, 263 Ga. App. at 736-737 (1). Copeland had the opportunity to oppose the garnishment action and become a party to the garnishment by filing a traverse, which would have allowed him to

5

challenge the existence of the judgment and amount claimed or plead another matter in bar of the judgment. See OCGA § 18-4-65; 18-4-93. However, he failed to do so, and res judicata bars any claim against Wells Fargo. Id. The trial court did not err in granting summary judgment to Wells Fargo on this ground.

3. We need not reach the alternative grounds for summary judgment asserted by Wells Fargo, ruled on by the trial court, or contested by Copeland. "A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed." (Citations, punctuation, and footnote omitted.) *Pollman v. Swan*, 314 Ga. App. 5, 5-6 (723 SE2d 290) (2011).

*Judgment affirmed. Doyle, P. J. and Andrews, J., concur.*