S10G1989. POLLMAN et al. v. SWAN et al.
(716 SE2d 191)

BENHAM, Justice.

In 2004, appellants Stephen and Linda Pollman purchased a Savannah townhome built by appellee Swan Construction in a condominium complex owned and developed by appellee Forest River. Appellee Louise Swan was a principal in both corporations. Appellee Neighborhood Realty listed the townhome for sale and marketed it through appellees Rebecca Holcombe and Marie Harbuck. Fourteen months after closing the real estate transaction, the Pollmans filed suit against all appellees for compensatory and punitive damages, asserting breach of contract, negligence, fraud and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO). OCGA § 16-14-1 et seq.[1] In 2009, the trial court, inter alia, granted summary judgment to all defendants on the contract, negligence and RICO claims. The Court of Appeals affirmed the grants of summary judgment. *Pollman v. Swan*, 305 Ga. App. 369 (1), (3) (699 SE2d 582) (2010).

In affirming the grants of summary judgment, the Court of Appeals ruled that summary judgment on the RICO claim involving allegations of mail and wire fraud was appropriate because there was no proof of mail fraud in the absence of proof of reliance by the Pollmans. *Pollman v. Swan*, supra, 305 Ga. App. at 374 (3). The Court of Appeals also affirmed the grant of summary judgment on the claims for breach of contract and negligence due to the purported failure of appellants to demonstrate evidence of damages, noting that there was "no evidence showing the cost of repairs or difference in market value at the time the injury or breach occurred. . . ." Id. at 371 (1). This Court granted the Pollmans's petition for a writ of certiorari to the Court of Appeals, expressing concern about the rationale employed to affirm the grant of summary judgment on the RICO claim alleging mail fraud as a predicate act and about the rationale concerning proof of damages used to affirm the grant of summary judgment on the breach of contract and negligence claims.

1. Both the trial court in granting summary judgment to appellees on the RICO claim based on mail and wire fraud and the

---

[1] The Pollmans also sued the attorney who had closed the sale in 2004, and settled with him in 2008. As part of the settlement, the attorney bought the townhome from the Pollmans.

Court of Appeals in affirming the grant of summary judgment relied on *Markowitz v. Wieland*, 243 Ga. App. 151 (2) (b) (532 SE2d 705) (2000), and concluded that the Pollmans could not show mail and wire fraud because they could not prove their detrimental reliance on the misrepresentations purportedly made in furtherance of the scheme to defraud. See *Pollman v. Swan*, supra, 305 Ga. App. at 374. However, in *Bridge v. Phoenix Bonding & Indemnity Co.*, 553 U. S. 639 (128 SC 2131, 170 LE2d 1012) (2008), the United States Supreme Court construed the federal mail fraud statute in connection with the federal RICO Act (18 USC § 1961 et seq) and held that the common-law requirement of justifiable reliance in fraud is not a requirement of the mail fraud statute. Appellees concede that the United States Supreme Court's decision in *Phoenix Bonding* controls since "racketeering activity" is defined in the Georgia RICO Act as being, in pertinent part, "[a]ny conduct defined as 'racketeering activity' under 18 U.S.C. Section 1961 (1) ... (B). ..." OCGA § 16-14-3 (9) (A) (xxix). Since the Court of Appeals erred in making reliance an element of mail fraud and in affirming the grant of summary judgment to appellees based on the failure of appellants to establish reliance, we reverse that portion of the judgment of the Court of Appeals affirming the grant of summary judgment to appellees on the RICO claim based on mail fraud and remand the case to the Court of Appeals for further proceedings consistent with this opinion.[2]

2. In granting summary judgment to appellees on the claims of breach of contract and negligence, the trial court ruled that appellants "failed to demonstrate they were damaged." The Court of Appeals affirmed, holding that appellants "point to no evidence showing the cost of repairs or difference in market value at the time the injury or breach occurred. ..." *Pollman v. Swan*, supra, 305 Ga. App. at 371. In granting the petition for a writ of certiorari, we asked the parties to address whether appellants were required to present evidence of a specific dollar amount of damages to avoid summary judgment in favor of appellees on the claims of breach of contract and negligence. We conclude that appellants were not required to present evidence of a specific dollar amount of damages to avoid summary judgment, but they were required to present evidence sufficient to serve as the basis for a factfinder to calculate the amount of damages due appellants should liability to appellants be established. Since appellants failed to do so, we affirm the Court of Appeals's holding in Division 1 of its opinion.

---

[2] We decline the invitation of appellees to engage in an analysis of the trial court's ruling under the "right for any reason" rule.

As the Court of Appeals noted,

[a]s a general rule, damages for defective construction, whether those damages are the result of a breach of contract or negligence of the contractor, are determined by measuring the cost of repairing or restoring the damage, unless the cost of repair is disproportionate to the property's probable loss of value. [Cits.] Where demanded by the facts of a case, courts also have determined damages in such cases by measuring the diminution in value of the property after the injury occurred. [Cits.]

Id. at 370-371, quoting *John Thurmond & Assoc. v. Kennedy*, 284 Ga. 469 (1) (668 SE2d 666) (2008). Appellants listed the purported defects in the townhome's construction, but did not present any evidence of the cost of repairing the defects. Appellees presented evidence that appellants had purchased the townhome in 2004 for $160,900 and sold it in 2008 for $170,900, while appellant Stephen Pollman testified that the townhome was sold in 2008 for $102,000. However, the critical moment under a diminution-of-value analysis is at the time of injury which, in this case, is 2004, and there is no evidence in the record of the 2004 value of the home as a result of the purported defects. Once appellees pointed out the absence of evidence to support appellants's case, "the burden then shift[ed] to [appellants], who '*must* point to specific evidence giving rise to a triable issue.' " *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827 (2) (573 SE2d 389) (2002), quoting *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). There being no evidence in the record that would provide the basis for a factfinder to calculate damages upon a finding of liability (see *John Thurmond & Assoc. v. Kennedy*, supra, 284 Ga. at 471), the Court of Appeals did not err when it held that summary judgment was authorized due to the failure of appellants to present evidence of damages.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Tony Center*, for appellant.
*Oliver Maner, Benjamin M. Perkins, Patrick T. O'Connor, Trotter Jones, William A. Trotter III*, for appellee.