A10A0547, A10A0548. POLLMAN et al. v. SWAN et al.;
and vice versa.
(723 SE2d 290)

SMITH, Presiding Judge.

In *Pollman v. Swan*, 289 Ga. 767 (716 SE2d 191) (2011), the Georgia Supreme Court affirmed Division 1 and reversed a portion of Division 3 of this court's opinion in *Pollman v. Swan*, 305 Ga. App. 369 (699 SE2d 582) (2010). The Supreme Court held that reliance is not an element of mail fraud, reversed the judgment of this court with respect to that holding, and remanded the case to this court for further proceedings not inconsistent with its opinion. On remand, we affirm the trial court's grant of summary judgment on that claim. We do so because the trial court correctly held in the alternative that the Pollmans failed to show other elements of a RICO claim based upon mail fraud.

In Division 3 of our prior opinion, we held in part that " '(p)re-termitting whether the action meets the definition of mail fraud, the contract language precludes a showing of reliance; thus, no mail fraud can be shown,' " *Pollman*, supra, 305 Ga. App. at 374 (3), quoting *Markowitz v. Wieland*, 243 Ga. App. 151, 155 (2) (b) (532 SE2d 705) (2000). The Georgia Supreme Court granted certiorari on two issues: (1) whether *Markowitz*'s requirement of reliance was in conflict with *Bridge v. Phoenix Bonding & Indem. Co.*, 553 U. S. 639 (128 SC 2131, 170 LE2d 1012) (2008); and (2) whether summary judgment was correctly granted against the Pollmans on the issue of proof of damages.[1]

With respect to the first issue, our Supreme Court noted the holding in *Bridge* that "the common-law requirement of justifiable reliance in fraud is not a requirement of the mail fraud statute." 289 Ga. at 768 (1). Without expressly overruling *Markowitz*, the court "reverse[d] that portion of the judgment of the Court of Appeals affirming the grant of summary judgment to appellees on the RICO claim based on mail fraud and remand[ed] the case to the Court of Appeals for further proceedings consistent with this opinion." Id.

That portion of Division 3 is hereby vacated and the opinion of the Supreme Court is made the opinion of this court. The absence of reliance as an element of mail fraud "does not, however, result in reversal of the grant of summary judgment. A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed." (Citation and punctuation omitted.) *Gilbert*

---

[1] The Supreme Court affirmed the grant of summary judgment on this ground. 289 Ga. at 769 (2).

6

*v. City of Jackson*, 287 Ga. App. 326, 327 (1) (651 SE2d 461) (2007).[2]

In its order granting summary judgment on the Pollmans' RICO claims, the trial court made alternative findings in addition to failure to show reliance under *Markowitz*: that the Pollmans failed to show any predicate act, that they failed to show any actual loss or damages, and that they failed to show that any alleged predicate act was the proximate cause of any loss or damages. As directed, we analyze the trial court's order in the context of our Supreme Court's opinion.

First, we consider the application of the United States Supreme Court's holding in *Bridge*, supra, to the facts presented here. In *Bridge*, the plaintiffs and defendants were among the bidders at county tax lien auctions. 553 U. S. at 642. When multiple bidders offered the same low bid, the county allocated the sales among the low bidders on a rotating basis. Id. at 643. The plaintiff bidders asserted that the defendant bidders committed mail fraud by using multiple entities to submit duplicate bids to the county, thereby increasing the number of times the county's rotation would fall to them and depriving plaintiffs of their fair share of the liens. Id. at 643-644.

The District Court dismissed the RICO claims for lack of standing, reasoning that only the county, not " 'other competing buyers' " such as the plaintiffs, had relied upon the alleged misrepresentations, and that plaintiffs therefore could not prove reliance. *Bridge*, supra, 553 U. S. at 645. The Court of Appeals for the Seventh Circuit reversed, id., and the United States Supreme Court affirmed, rejecting the argument that "first-party reliance" is necessary to sustain a civil RICO claim predicated on mail fraud. Id. at 650-652 (III) (A).

But the Supreme Court in *Bridge* points out that

> none of this is to say that a RICO plaintiff who alleges injury "by reason of" a pattern of mail fraud can prevail without showing that *someone* relied on the defendant's misrepresentations. In most cases, the plaintiff will not be able to establish even but-for causation if no one relied on the misrepresentation.

(Citation omitted; emphasis in original.) Id. at 658. And as *Bridge* acknowledges, id. at 654 (III) (B), *Holmes v. Securities Investor Protection Corp.*, 503 U. S. 258 (112 SC 1311, 117 LE2d 532) (1992), holds that "but-for" causation cannot support a RICO claim; there must be proximate cause. Id. at 269-270. "When a court evaluates a

---

[2] Our Supreme Court declined to expand its grant of certiorari to apply the "right for any reason" rule. 289 Ga. at 768, n. 2.

RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U. S. 451, 461 (II) (126 SC 1991, 164 LE2d 720) (2006), cited in *Bridge*, supra, 553 U. S. at 654 (III) (B). See also *American Assn. of Cab Cos. v. Parham*, 291 Ga. App. 33, 39 (3) (c) (661 SE2d 161) (2008) (citing *Anza*, supra).

Here, in contrast to *Bridge*, there is no question of third-party reliance on an alleged misrepresentation to another person or entity. The only parties claiming misrepresentation and reliance — indeed, the only plaintiffs — are the Pollmans. And multiple transactions arising out of a pattern of racketeering activity are not alleged, only the sale of a single townhome unit to the Pollmans.[3] Accordingly, if the Pollmans did not rely upon the alleged misrepresentations, those misrepresentations could not be the proximate cause of injury, and summary judgment remained appropriate. "A plaintiff cannot allege merely that an act of racketeering occurred and that he lost money. He must show a causal connection between his injury and a predicate act. If no injury flowed from a particular predicate act, no recovery lies for the commission of that act." *Pelletier v. Zweifel*, 921 F2d 1465, 1497 (II) (A) (1) (11th Cir. 1991).

The trial court correctly found an absence of proximate cause. As noted in the original opinion, the Pollmans were aware, through the report of their home inspector and their admitted personal knowledge of uncompleted work at the time of closing, of the facts as to which they claim misrepresentations were made. 305 Ga. App. at 373 (2). But they failed to investigate further, failed to obtain the engineering report recommended by their home inspector, failed to amend the contract to require a structural inspection, and went forward with the closing at the scheduled time. Id. at 373-374 (2).

> Unless an untrue statement is believed and acted upon, it can occasion no legal injury. It is essential, therefore, that the party addressed should trust the representation, and be so thoroughly induced by it that, judging from the ordinary experience of mankind, in the absence of it he would not, in all reasonable probability, have entered into the contract or other transaction.

---

[3] This dovetails with the well-established Georgia law that a RICO claim cannot be asserted with respect to a single transaction. OCGA § 16-14-3 (8); *Raines v. State*, 219 Ga. App. 893, 894 (1) (467 SE2d 217) (1996) ("sale of timber from a single parcel of real property, by means of a single deed, in one isolated transaction, cannot be broken down into two predicate acts"); *Cobb v. Kennon Realty Svcs.*, 191 Ga. App. 740, 741-742 (2) (382 SE2d 697) (1989) (real estate transaction among four persons and a company, including several loans, while complex, constituted "only the one extended transaction between [appellant] and the appellees" and not "a pattern of racketeering activity" within meaning of RICO).

(Citations and punctuation omitted.) *Pelletier*, supra, 921 F2d at 1508-1509 (II) (A) (2) (b) (v) (summary judgment in RICO mail fraud claim appropriate when plaintiff's "injury, if any, was not proximately caused by the misrepresentations and omissions"). Id. at 1510.

Any injury was not proximately caused by the alleged misrepresentations, but rather by the Pollmans' decision to go forward with the purchase despite knowledge of the facts as to which they were supposedly misled. The Pollmans cannot show, therefore, the proximate cause required by RICO. *Pelletier*, supra, 921 F2d at 1510. See also *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802, 805 (1) (500 SE2d 591) (1998) (citing *Pelletier*, supra).

Finally, the trial court also correctly concluded that "there is no evidence that the plaintiffs incurred an actual loss. . . ." As noted in the original opinion, 305 Ga. App. at 370-372 (1), and acknowledged by the Georgia Supreme Court, 289 Ga. at 768-769 (2), the Pollmans failed to demonstrate damages as of the time of the alleged loss.

For all these reasons, the trial court correctly granted summary judgment on the Pollmans' RICO claims based on mail fraud.

*Judgment affirmed. Mikell, C. J., and Adams, J., concur.*

DECIDED DECEMBER 29, 2011 —
RECONSIDERATIONS DENIED FEBRUARY 7, 2012 — 

*Tony Center*, for appellants.
*Oliver Maner, Patrick T. O'Connor, Benjamin M. Perkins, William A. Trotter III*, for appellees.