**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 26, 2022**

# In the Court of Appeals of Georgia

A22A0624. IMF ENTERTAINMENT, LLC v. HERC RENTALS, INC.

MERCIER, Judge.

Herc Rentals, Inc. ("Herc") sued IMF Entertainment, LLC ("IMF") for breach of contract and attorney fees, claiming that IMF failed to pay for services rendered by Herc. IMF answered and counterclaimed for breach of contract, negligence, and attorney fees. Following discovery, Herc moved for summary judgment on its claims and IMF's counterclaims. The trial court granted Herc's motion, and this appeal followed. We reverse.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party. See *Johnson Street Properties v. Clure*, 302 Ga. 51, 52 (1) (805 SE2d 60) (2017).

So viewed, the record shows that in September 2018, IMF held a large, three-day dance and music festival at Atlanta Motor Speedway. IMF hired Backbone North America, Inc. ("Backbone") to manage the festival's site operations, and in connection with that work, Backbone arranged for Herc to provide temporary power and a variety of heavy equipment for the site.

On August 13, 2018, IMF executed an independent contractor agreement with Herc that required IMF to pay $82,000 for equipment and activities relating to temporary power at the festival. In addition to providing the services covered by this contract, Herc also supplied other heavy equipment needed by the festival. No separate independent contractor agreement relating to rental and use of this heavy equipment was executed by IMF. A Backbone representative, however, signed rental agreements relating to each piece of heavy equipment when the equipment was delivered to the festival site.

2

Backbone's general manager testified by affidavit that IMF agreed to the heavy equipment rentals and authorized Backbone to sign the rental agreements on IMF's behalf. IMF's principal, Glenn Goodhand, offered contrary affidavit testimony. According to Goodhand, Backbone did not have authority to act for IMF, and IMF never approved any charges by Herc beyond the $82,000 encompassed by the independent contractor agreement relating to temporary power services.

During and after the festival, Herc invoiced IMF for temporary power services, heavy equipment rental, and associated fuel charges totaling over $234,000. Other than submitting an initial $32,500 deposit, IMF made no payment on the invoices. When Herc inquired about payment, a bookkeeper with IMF's outside accountant responded by email that her records showed IMF's outstanding balance to be $199,855.22, approximately $2,000 lower than Herc's calculation. The bookkeeper included IMF's owners and accountant on the email. A Herc representative replied by email that same day, stating that Herc would "accept the payment of $199,855.22 to be able to get a payment date today." Although the Herc representative expected IMF to "make payment at a reasonable time," she received no further response from IMF or its accountant, despite several efforts to follow up on what she thought was the "agreed balance to be paid."

On April 12, 2019, Herc's attorney sent IMF a demand letter for "the agreed upon balance outstanding on the account" in the amount of $199,855.22. IMF did not respond, and Herc filed suit to collect the amount due, plus interest and attorney fees. IMF answered and counterclaimed for breach of contract, negligence, and attorney fees, asserting that Herc overcharged IMF and provided inappropriate and broken equipment that negatively impacted the festival, causing a revenue loss.

Herc subsequently moved for summary judgment. It argued that the parties had agreed to an amount due on the account, that no unresolved issues remained as to the amount IMF owed, and that IMF suffered no recoverable damages from Herc's alleged breach of contract and negligence. The trial court granted Herc's motion, concluding that IMF had agreed to settle the account dispute for $199,855.22 and that Herc was entitled to recover this amount plus interest and attorney fees. The court further found that IMF's decision to settle precluded its counterclaims for breach of contract, negligence, and attorney fees. This appeal followed.

1. IMF first argues that the trial court erred in granting Herc summary judgment on Herc's claims. We agree.

Herc contends that IMF's "representatives" — namely, Backbone and the bookkeeper employed by IMF's outside accountant — reached various agreements

on behalf of IMF. It argues that Backbone was acting for IMF when it signed rental contracts for heavy equipment not included in the independent contractor agreement. And it claims that the outside bookkeeper bound IMF to a "settlement" through which IMF agreed to pay Herc over $199,000 for work Herc performed at the festival. Goodhand, however, testified that IMF never agreed to pay for work not specifically encompassed by the independent contractor agreement. He asserted that Backbone was not authorized to approve this additional work on IMF's behalf. He further testified that the outside bookkeeper lacked authority to approve or settle invoiced charges on behalf of IMF.

"The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. Generally, questions regarding the existence and extent of an agent's authority are left for the trier of fact. See *Johnson Street Properties*, supra at 55 (1) (a) (ii); *S & A Indus. v. Bank Atlanta*, 247 Ga. App. 377, 384 (7) (543 SE2d 743) (2000). Although Herc claims that both Backbone and the accountant's bookkeeper were acting on IMF's behalf, Goodhand offered contrary evidence that neither had this authority.

An agent generally can only act "within the authority granted to him, reasonably interpreted."*American Global Dev. Group v. Sasser & Weatherford*, 249 Ga. App. 479, 482 (2) (548 SE2d 465) (2001) (citation and punctuation omitted). Where parties dispute the extent of that authority, an issue of fact arises. See id.; see also *Johnson Street Properties*, supra. Such a dispute exists here. Although Herc urges us to reject Goodhand's testimony as "self-serving" and based upon a "legal" conclusion, the testimony relates specifically to a key factual question: whether Backbone and the bookkeeper were authorized to act for IMF. As we have explained, the "assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship." *Nissan Motor Acceptance Corp. v. Stovall Nissan*, 224 Ga. App. 295, 297 (1) (480 SE2d 322) (1997) (citation and punctuation omitted).

Questions of fact remain as to the extent of IMF's liability for work performed by Herc at the festival and whether IMF agreed to settle the balance due on Herc's invoices. Accordingly, the trial court erred in granting Herc summary judgment on its claims for breach of contract and attorney fees. See *Nissan Motor Acceptance Corp.*, supra at 298 (1) (trial court properly denied motion for summary judgment where question of fact remained as to agency); see also *Patel v. Patel*, 327 Ga. App.

733, 736 (1) (b) (ii) - (c) (761 SE2d 129) (2014) (trial court erred in granting motion to enforce settlement where questions of fact remained regarding signatories' authority to execute the settlement).

2. We also agree with IMF that the trial court erred in granting Herc summary judgment on IMF's counterclaims for breach of contract, negligence, and attorney fees. The trial court concluded that because IMF had reached a "settlement" regarding the account dispute, IMF's counterclaims were precluded. As discussed above, however, questions of fact remain as to whether IMF settled the dispute or agreed to a payment of $199,855.22. Accordingly, the trial court erred in finding that, as a matter of law, the alleged settlement blocked recovery on the counterclaims.[1]

---

[1] Citing the "right for any reason rule," Herc invites us to affirm the grant of summary judgment on the counterclaims because (1) the independent contractor agreement prevents IMF from recovering the consequential damages it seeks, and (2) IMF failed to meet the statutory requirements for a set off under OCGA § 13-7-1 et seq. We note that IMF did not allege a claim for set off, and a party can always recover nominal damages for breach of contract. See *6428 Church Street, LLC v. SM Corrigan, LLC*, 352 Ga. App. 437, 444 (3) (834 SE2d 603) (2019). It is clear, however, that the trial court did not consider Herc's alternative grounds for summary judgment, focusing instead on the settlement issue. We decline to address Herc's alternative claims for the first time on appeal. We leave these issues for the trial court to consider on remand. See *Pollman v. Swan*, 289 Ga. 767, 768 n.2 (1) (716 SE2d 191) (2011) ("We decline the invitation of appellees to engage in an analysis of the trial court's ruling under the 'right for any reason' rule."); *Miller v. Turner Broadcasting Sys*., 339 Ga. App. 638, 645 n. 12 (2) (794 SE2d 208) (2016) (same).

*Judgment reversed. Dillard, P. J., and Markle, J., concur.*