## 26888.   MILLER v. TURNER.

GUNTER, Justice. Paul W. Turner, Sr. filed a complaint below against C. E. Miller seeking an accounting and an injunction. The trial court entered a temporary injunction and thereafter referred the case to an auditor. The auditor conducted a hearing at which the parties introduced their evidence, and on January 29, 1971, the auditor rendered his report in writing. A copy of the report was delivered to the trial judge on January 29th, and copies of the report were delivered either by hand or by mail to counsel for both parties.

The record discloses that no notice of the filing of the report was given to counsel for Mr. Miller. On February 3, 1971, several days after the auditor's report was rendered, counsel for Mr. Miller filed three motions in the trial court: (1) A motion to strike an amendment to the plaintiff's complaint, (2) a motion to withdraw the case from the auditor, (3) and a motion to require the plaintiff to elect to strike either allegations of wilfulness or allegations of negligence in certain paragraphs of the plaintiff's complaint. The trial court conducted a hearing on these motions on May 27, 1971.

On June 1, 1971, the trial court entered a judgment overruling the three motions filed by Mr. Miller's counsel and making the auditor's report the judgment of the court. On June 17, 1971, the trial judge filed a memorandum with the clerk of court stating that the auditor's report had been filed in the judge's office on January 29, 1971, and this memorandum directed the clerk to mark the auditor's report filed as of that date.

Mr. Miller has appealed, contending that the trial court committed error in overruling his three motions and also in making the auditor's report the judgment of the trial court.

1. The trial court did not commit error in overruling the three motions.

(a) The trial court properly overruled the motion to strike

the amendment on the ground that it added a count praying for legal relief, which was incompatible with the original count praying for equitable relief. Under provisions of the Civil Practice Act, both legal and equitable claims may be set forth in the same complaint. *Code Ann.* § 81A-108(a) and (e2) (Ga. L. 1966, pp. 609, 619; as amended); *Code Ann.* § 81A-118(a) (Ga. L. 1966, pp. 609, 630).

(b) The trial court properly overruled the motion to withdraw the case from the auditor. The case was properly referred to the auditor, and the amendment to the complaint filed after referral to the auditor, merely set forth an alternative statement of the claim, as allowed by provisions of the Civil Practice Act hereinabove cited.

(c) The trial court properly overruled the motion to have the plaintiff elect between two alternative allegations in the complaint. Alternative allegations are now permissible under the Civil Practice Act. *Code Ann.* § 81A-108 (e2).

2. Mr. Miller's more serious contention on this appeal is that making the auditor's report the judgment of the trial court on June 1, 1971, and then on June 17, 1971, ordering the clerk of the court to mark the auditor's report filed as of January 29, 1971, has effectively prevented him from filing exceptions to the auditor's report within 20 days after its filing as is required by law. We think this contention has merit. The auditor's report and the judgment appealed from were adverse to Mr. Miller. He should have an opportunity to file exceptions to the auditor's report, and the exceptions should then be ruled on by the court or by a jury, as the case may be.

On remand the trial court is directed to permit Mr. Miller to file exceptions to the auditor's report pursuant to the provisions of *Code Ann.* § 10-301 (Ga. L. 1964, pp. 697, 698).

*Judgment reversed with direction. All the Justices concur.*
SUBMITTED DECEMBER 13, 1971—DECIDED FEBRUARY 28, 1972.

*Nicholson & Fleming, Bobby G. Beazley, John Fleming,* for appellant.

*Surrett & CoCroft, Carl J. Surrett, Leonard S. Counts,* for appellee.