S07A0309. McARTHUR ELECTRIC, INC. v. COBB COUNTY SCHOOL DISTRICT.
(642 SE2d 830)

CARLEY, Justice.

The Cobb County School District (School District) contracted with Manhattan Construction Company (General Contractor) to build a high school. The General Contractor hired McArthur Electric, Inc. (McArthur) to perform the electrical work on the project. Subsequently, however, the General Contractor declared that McArthur was in default and terminated its services. The dispute resulted in a pending federal lawsuit, wherein McArthur asserts a contract claim against the General Contractor and claims against the sureties on the General Contractor's payment bonds.

In addition to the federal action, McArthur filed a complaint in Cobb County, seeking the imposition of an equitable lien on unpaid funds that the School District allegedly owed to the General Contractor for the project. The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of the School District, concluding that McArthur could not assert an equitable lien because it had available legal remedies for the protection of its interests. McArthur appeals from that order of the trial court.

"Unlike subcontractors and materialmen on private improvement projects, subcontractors and materialmen on public works projects have no viable lien claim as an alternative remedy to

proceeding against the general contractor." *DeKalb County v. J & A Pipeline Co.*, 263 Ga. 645, 647 (2) (437 SE2d 327) (1993). They do, however, have a comparable alternative statutory remedy in the form of an action on the general contractor's payment bond.

> Payment bonds shall be required for all public works construction contracts subject to the requirements of this chapter with an estimated contract amount greater than $100,000.00 . . . . No public works construction contract requiring a payment bond shall be valid for any purpose, unless the contractor shall give such payment bond . . . .

OCGA § 36-91-90. Moreover, if the requisite payment bond is not available to the subcontractors or materialmen on a public works project, they are given the right to proceed directly against the owner.

> If a payment bond . . . is not taken in the manner and form required in this article, the corporation or body for which work is done under the contract shall be liable to all subcontractors and to all persons furnishing labor, skill, tools, machinery, or materials to the contractor or subcontractor thereunder for any loss resulting to them from such failure.

OCGA § 36-91-91. Here, the payment bond that was provided by the General Contractor in compliance with OCGA § 36-91-90 is available to McArthur. Accordingly, McArthur does not have a viable direct cause of action under OCGA § 36-91-91 against the School District. McArthur urges, however, that it does have the right to assert an equitable lien against funds that the School Board owes to the General Contractor.

"A 'special lien' on specific property may be decreed whenever the rules of equity require this remedy. [Cit.]" *Routon v. Woodbury Banking Co.*, 209 Ga. 706, 707 (75 SE2d 561) (1953). One of those rules is that "equitable relief is improper if the complainant has a remedy at law which is 'adequate,' i.e., 'as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.' [Cit.]" *Sherrer v. Hale*, 248 Ga. 793, 797-798 (2) (285 SE2d 714) (1982). Thus, where the legal remedy of an action on the payment bond is unavailable and, therefore, inadequate, the subcontractor or materialman is not only entitled to proceed directly against the public works owner, but, in addition, can assert against that owner an equitable lien on funds it holds that are otherwise payable to the general contractor. *DeKalb County v. J & A Pipeline Co.*, supra; *Hall County School Dist. v. C. Robert Beals & Assoc.*, 231 Ga. App. 492 (498 SE2d 72) (1998). However, that additional equitable remedy

against the owner of a public works project is not available if the legal remedy represented by the payment bond is adequate. OCGA §§ 23-1-3, 23-1-4.

McArthur urges that its legal remedy is not as practical and efficient as the equitable remedy because it occupies the status of an unsecured creditor in an action on the payment bond, whereas the equitable lien elevates it to a status comparable to that of a secured creditor. See *DeKalb County v. J & A Pipeline Co.*, supra at 651 (4); *Hall County School Dist. v. C. Robert Beals & Assoc.*, supra at 498 (5). However, the status of the subcontractor or materialman is not the controlling consideration in determining the availability of the equitable lien remedy. The dispositive factor is the adequacy of the legal remedies available to a subcontractor or materialman who has a claim against the general contractor. McArthur suggests no reason why the payment bond is not an adequate legal remedy. Subcontractors and materialmen on private projects may have the right to assert a lien against the property, but they do not have a payment bond as a means to obtain satisfaction of a claim against the general contractor. As a substitute for lien rights, the payment bond is a remedy which is at least as practical and efficient, if not more so. See *Housing Auth. v. MMT Enterprises*, 267 Ga. 129 (475 SE2d 642) (1996) (equity unavailable to contractor having right to seek damages for breach of contract).

If an equitable lien were generally available as an additional remedy to the right to proceed against the sureties on the payment bond, then the owner of a public works project could never avoid potential involvement in disputes arising between the general contractor and the subcontractors. In effect, the equitable lien against the owner would serve as a pre-judgment garnishment tool to obtain access to funds owed to the general contractor as an alternative source of payment for the subcontractor's disputed claim. However, the right to pre-judgment garnishment is narrowly confined to the circumstances enumerated in OCGA § 18-4-40, and a dispute between general contractors and subcontractors is not one of those circumstances. Accordingly, the trial court correctly held that McArthur could not assert an equitable lien against the School District as an additional remedy to the adequate legal remedies it has against the General Contractor and the sureties on the payment bond.

*Judgment affirmed. Sears, C. J., Hunstein, P. J., Benham, Thompson and Melton, JJ., and Judge Marvin S. Arrington, Sr., concur. Hines, J., not participating.*

DECIDED MARCH 26, 2007.

James B. Ritchie, Christopher J. McFadden, Moore, Ingram, Johnson & Steele, G. Phillip Beggs, for appellant.

Brock, Clay & Calhoun, John K. Wells, Clement C. Doyle, for appellee.

Alston & Bird, John I. Spangler III, Jeffrey A. Belkin, J. Andrew Howard, John S. Ducat III, amici curiae.