## A11A0504. HUDSON v. HUDSON.

(710 SE2d 652)

MIKELL, Judge.

Wilbur Hudson appeals from the trial court's order dismissing his complaint against his former wife, Mary Hudson. Because the trial court improperly dismissed the complaint, we reverse.

The Hudsons divorced in June 2003 and that judgment provided that Mary Hudson "shall have exclusive use and possession of the marital residence located . . . [in] Harris County, Georgia. . . . [Mary Hudson] shall be solely responsible for the taxes due on the dwelling and shall be solely responsible for moving the dwelling from the current location." No timetable for removal of the residence was stated.

In 2010, Wilbur Hudson filed his complaint, at issue here, for equitable relief,[1] alleging that the house occupied by Mary Hudson was located on real property owned by heirs of the Hudson family, including himself, and that she should be enjoined from occupying the house because of her failure to move it for over seven years. Mary Hudson's amended answer pled that Wilbur Hudson's failure to avail himself of an adequate remedy at law precluded equitable relief pursuant to OCGA § 23-1-4 and sought to have the complaint dismissed. Thereafter, Wilbur Hudson amended his complaint to add a count seeking a declaratory judgment regarding the interpretation of the judgment of divorce.

By order of August 17, 2010, the trial court found that Wilbur Hudson "failed to exhaust his legal remedies prior to filing a Complaint for Equitable Relief in this matter" and dismissed the "Complaint for Equitable Relief."

Appellant correctly points out that, under the Civil Practice Act, a party may state as many separate claims as he has, "regardless of consistency and whether based on legal or on equitable grounds or on both."[2] Further, "[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order."[3] No pretrial order is contained in the record before us.

---

[1] This appeal was originally filed in the Supreme Court, but was transferred here "[s]ince the dismissal of appellant's complaint was merely ancillary to the resolution of the legal issue of whether available legal remedies existed, this appeal is not an equity case within our appellate jurisdiction."

[2] OCGA § 9-11-8 (e) (2); see also OCGA § 9-11-18 (a) ("A party asserting a claim to relief . . . may join . . . as many claims, legal or equitable, as he has against an opposing party."); *Miller v. Turner*, 228 Ga. 701 (1) (a) (187 SE2d 688) (1972).

[3] OCGA § 9-11-15 (a).

OCGA § 23-1-4 provides that

> [e]quity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law; but the mere privilege of a party to bring an action at law or the existence of a common-law remedy not as complete or effectual as the equitable relief shall not deprive equity of jurisdiction.

Because the trial court's order does not address the claim for declaratory relief added by proper amendment to appellant's complaint and, because we are unable to discern from the record before us whether, in fact, there is an adequate remedy at law available to appellant,[4] we reverse the judgment of the trial court and remand this case for further proceedings in compliance with this opinion.

*Judgment reversed and case remanded. Smith, P. J., and Dillard, J., concur.*

DECIDED APRIL 28, 2011.

*F. Houser Pugh*, for appellant.
Mary Hudson, *pro se*.

---

[4] Compare *McArthur Elec. v. Cobb County School Dist.*, 281 Ga. 773, 774-775 (642 SE2d 830) (2007) (Statutory payment bond rights available to subcontractor precluded equitable lien.) and *Cantrell v. Henry County*, 250 Ga. 822, 824 (1) (301 SE2d 870) (1983) (County's implied assumpsit or quasi-contract claims against developer precluded injunctive relief in a dispute over water service.) with *Luther v. Luther*, 289 Ga. App. 428, 431 (1) (657 SE2d 574) (2008) (There was no adequate legal remedy available to prevent relatives' interference with the duties of a holder of a health care power of attorney and general power of attorney for a person suffering with dementia.).