**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 26, 2016**

# In the Court of Appeals of Georgia

A16A0489. J. SQUARED PLUMBING COMPANY, INC. v. CITY
OF ATLANTA.

MILLER, Presiding Judge.

J. Squared Plumbing, Co., LLC, a subcontractor, provided labor, materials and services pursuant to the City of Atlanta's Annual Contract for Clean Up Sewage Spills Inside Dwellings. (hereinafter the "Project"). Scott and Sons Holdings, LLC, the general contractor, failed to pay J. Squared for its work on the Project. By the time that J. Squared sought to recover from First Seaford Surety, Inc., the surety who issued the required payment bond for J. Squared's work, First Seaford (hereinafter the "Surety") was insolvent. J. Squared sued then Scott and Sons and the City of Atlanta, seeking to recover $140,000 for its work on the Project.[1] The trial court found that the

---

[1] The trial court dismissed J. Squared's complaint against Scott and Sons for want of prosecution, because J. Squared failed to perfect service against that

City complied with the payment bond requirements set forth in OCGA § 36-91-91. Accordingly, the trial court granted the City's motion for summary judgment, finding that J. Squared was limited to the exclusive remedy set forth in Georgia's payment bond statutes – OCGA §§ 36-91-90 and 36-91-91. J. Squared appeals, contending that (1) the payment bond statutes do not bar it from recovering for the value of its work from the City, and (2) the City's documents in support of its motion for summary judgment lacked an adequate foundation.[2] For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a [grant or] denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

---

defendant. Scott and Sons is not a party to this appeal.

[2] J. Squared also contends, for the first time on appeal, that the documents attached to the Risk Analyst's affidavit were not properly admitted as business records, the documents were not sworn to or verified, and the City, in its motion for summary judgment, quoted extensively from a deposition that was not part of the record. This Court will not consider issues raised for the first time on appeal because the trial court has not had the opportunity to consider it. See *Thompson v. Princell*, 304 Ga. App. 256, 259 (a) (696 SE2d 91) (2010).

(Citations and footnote omitted.) *GEICO Gen. Ins. Co. v. Wright*, 299 Ga. App. 280, 281 (682 SE2d 369) (2009).

So viewed, the evidence shows that in October 2011, the City entered into a contract with Scott and Sons for the purpose of cleaning up sewage spills in approximately 100 dwellings. With the City's permission, Scott and Sons then subcontracted with J. Squared for the clean-up services (hereinafter the "Subcontract"). The City's clean-up contract required Scott and Sons to maintain payment bonds for the duration of the contract. Scott and Sons obtained a $200,000 payment bond (hereinafter the "Bond") from the Surety, and the Bond states on its face that it was approved as to form by the Associate City Attorney, the City's Chief Financial Officer and the City's Risk Management Analyst. In connection with the Bond, Scott and Sons provided the City with a notarized document which set forth the Surety's bonding capacity – $2 million for a single bond and $5 million aggregate – and the City confirmed that the Surety was certified through the United States Department of the Treasury.

1. J. Squared contends that the payment bond statutes do not bar it from recovering for the value of its work from the City. We disagree.

Unlike subcontractors and materialmen on private improvement projects, subcontractors and materialmen on public works projects have no viable lien claim as an alternative remedy to proceeding against the general contractor. They do, however, have a comparable alternative statutory remedy in the form of an action on the general contractor's payment bond.

(Citation and punctuation omitted.) *McArthur Elec., Inc. v. Cobb County Sch. Dist.*, 281 Ga. 773, 773-774 (642 SE2d 830) (2007). Payment bonds are required for all public works construction contracts with an estimated contract amount that is greater than $100,000. OCGA § 36-91-90. Furthermore, the required payment bonds

shall be approved and filed with the treasurer or the person performing the duties usually performed by a treasurer of the obligee named therein. At the option of the governmental entity, if the surety named in the bond is other than a surety company authorized by law to do business in this state pursuant to a current certificate of authority to transact surety business by the Commissioner of Insurance, such bond shall not be approved and filed unless such surety is on the United States Department of Treasury's list of approved bond sureties.

OCGA § 36-91-40 (a) (1). Moreover, required payment bonds "shall be approved as to form and as to the solvency of the surety by an officer of the governmental entity negotiating the contract on behalf of the governmental entity." OCGA § 36-91-40 (a)

4

(2). Approval for payment bonds "shall be obtained prior to the execution of the contract." Id.

> If a payment bond . . . is not taken in the manner and form required in this article, the corporation or body for which work is done under the contract shall be liable to all subcontractors and to all persons furnishing labor, skill, tools, machinery, or materials to the contractor or subcontractor thereunder for any loss resulting to them from such failure.

OCGA § 36-91-91; see also *McArthur*, supra, 281 Ga. at 774. When the City takes a payment bond that is in proper form, however, it is *not required* to make any further investigation into the propriety of the information presented on the face of the bond, and the subcontractor's direct action remedy against the City "will be defeated notwithstanding the subsequent inefficacy of the bond." *DeKalb County v. J & A Pipeline Co.*, 263 Ga. 645, 649-650 (2) (437 SE2d 327) (1993); see also *Bd. of Regents of the Univ. System of Ga. v. Brooks*, 324 Ga. App. 15, 18 (1) (749 SE2d 23) (2013) (interpreting the Board of Regent's duties under OCGA § 13-10-60 which provides nearly identical requirements for payment bonds on large public works contracts).

Here, the evidence clearly shows that the Bond was approved as to form, in accordance with the statutory requirements, by the Associate City Attorney, the City's Chief Financial Officer, and the City's Risk Analyst. Moreover, the City required the Surety to provide proof of its bonding capacity; the City confirmed that the Surety was certified through the United States Department of the Treasury; and both the Bond and the notarized document confirming the Surety's bonding capacity, on their face, comport with the statutory requirements. Accordingly, the trial court properly granted summary judgment to the City after finding that the City took the payment bond in the statutorily required manner and form. Moreover, notwithstanding the Surety's insolvency, the trial court properly found that J. Squared was limited to the exclusive remedy provided by the payment bond statutes.

2. J. Squared also contends that the affidavit of the City's Risk Analyst was based on mere conclusions and not on the Analyst's personal knowledge. We disagree.

Contrary to J. Squared's contention, the affidavit states on its face that the facts, not mere conclusions, set forth therein were based on the Risk Analyst's personal knowledge. "The personal knowledge requirement set forth in OCGA § 9-11-56 (e) is met where the contents of the [affidavit] indicate that material parts of

6

it are statements within the personal knowledge of the affiant[.]" (Citation and punctuation omitted.) *Logan v. American Bankers Life Assurance Co.*, 168 Ga. App. 647, 649 (1) (310 SE2d 263) (1983). Accordingly, we affirm the trial court's grant of summary judgment to the City.

*Judgment affirmed. McFadden and McMillian, JJ., concur.*