**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 7, 2019**

# In the Court of Appeals of Georgia

A18A1558. Z-SPACE, INC., et al. v. DANTANNA'S CNN CENTER, LLC.

MARKLE, Judge.

Z-Space, Inc., Z-Space Design, Inc., and their individual principals, defendants in the case below, appeal from the trial court's order denying their motions to dismiss, for judgment on the pleadings, and for more definite statement. The plaintiff, Dantanna's CNN Center, LLC, alleges, generally, that the defendants have fraudulently hidden their assets to avoid paying a judgment that was obtained by the plaintiff in an earlier suit.

For the reasons that follow, we conclude that the trial court erred in failing to dismiss the plaintiff's claim for account stated/unjust enrichment and its claim for theft as a predicate offense under the Georgia RICO statute, and we reverse the trial

court's order as to these claims. We further find that the trial court properly denied the motion to dismiss the plaintiff's claim for mail and wire fraud as a predicate offense under the Georgia RICO statute, and claims for fraudulent conveyance, fraudulent sale, and fraudulent attempt to avoid judgment, but that it erred in not requiring the plaintiff to make a more definite statement with regard to these claims. Therefore, we affirm the trial court's denial of the motion to dismiss, but vacate the denial of the motion for more definite statement and remand with instructions that the trial court direct the plaintiff to provide a more definite statement.

We review the trial court's denial of a motion to dismiss for failure to state a claim de novo, construing the complaint in the plaintiff's favor. *Northway v. Allen*, 291 Ga. 227, 229 (728 SE2d 624) (2012).

So viewed, the record shows that the plaintiff and Z-Space entered into a contract for construction of Dantanna's CNN Center restaurant. In 2009, the plaintiff filed an initial and separate action against Z-Space, Peter Zakas, and Spiros Zakas, seeking to recover compensation and damages for, among other things, breach of contract, and fraud in connection with the design service contract. Following a trial, a jury returned a verdict in favor of the plaintiff in the amount of $118,500.[1] The

---

[1] The jury found in Zakas' favor on all other claims.

plaintiff filed a motion for attorney fees and expenses, and the trial court awarded the plaintiff $185,372.50 in attorney fees and $14,758.91 in expenses, plus $14,203.79 in interest on the verdict amount, for a total judgment of $332,835.20. The plaintiff then sent a letter to Z-Space's attorney offering to settle the matter and, in response, the attorney advised the plaintiff that Z-Space was unable to pay the judgment because it had no assets and was no longer in business. On September 30, 2015, the plaintiff obtained a writ of fieri facias in the total amount of the judgment. The plaintiff has been unable to collect on this judgment.

In July 2017, the plaintiff filed the instant action against Z-Space, Z-Space Design, and their individual principals Peter Zakas and Silvia Milic, raising claims of (1) account stated/unjust enrichment; (2) civil RICO; (3) alter ego liability; (4) fraudulent transfer/conveyance; (5) fraudulent sale/transfer of business; (6) conspiracy to fraudulently convey assets; and (7) "continuation theory" or "fraudulent attempt to avoid judgment." The plaintiff also requested punitive damages, attorney fees under OCGA § 13-6-11, and interest.[2]

---

[2] The counts in the plaintiff's complaint are misnumbered. They are listed in sequential order here.

In its complaint, the plaintiff alleged that shortly after the jury's verdict in the initial action, Z-Space ceased operations and became insolvent. Zakas and Milic then created and incorporated Z-Space Design, Inc. in the State of Florida. Zakas served as the CEO, and Milic served as the CFO.

The plaintiff alleged that shortly after the initial suit was filed, the defendants began siphoning money from Z-Space and conspired with each other to transfer the assets of Z-Space to Z-Space Design in an effort to liquidate Z-Space, defraud the plaintiff, and engaged in conduct to avoid having to pay the plaintiff the outstanding judgment.

The defendants filed a joint answer, motion to dismiss, and motion for judgment on the pleadings. They also filed a motion for more definite statement with respect to the RICO, fraudulent conveyance, fraudulent sale, conspiracy, and fraudulent attempt to avoid judgment claims. The trial court held a hearing on the motions, and subsequently issued a summary order denying same. The defendants requested a certificate of immediate review , which the trial court entered. This Court granted the defendants' application for interlocutory appeal, and this appeal followed.

A motion to dismiss pursuant to OCGA § 9-11-12 (b) (6) will not be sustained unless:

(1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought ....

(Citation omitted.) *Northway v. Allen*, 291 Ga. 227, 229 (728 SE2d 624) (2012).

Further,

It is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. Rather, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to dismiss for failure to state a claim should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

(Citations and punctuation omitted.) *Campbell v. Ailion*, 338 Ga. App. 382, 384-385 (790 SE2d 68) (2016). See also OCGA § 9-11-8 (a) (2) (A). With this framework in mind, we turn to the defendants' arguments on appeal.

5

1. The defendants first argue that the trial court erred in denying their motion to dismiss the claim for account stated or unjust enrichment because the plaintiff has not alleged that an account exists between the parties, and the prior judgment did not create an account. They further assert that there can be no unjust enrichment because the plaintiff failed to identify any benefit it conferred on them. We agree.

"An account stated is an agreement by which persons who have had previous transactions with each other fix the amount due in respect to such transactions and the one indebted promises payment of the balance." (Citation omitted.) *Lawson v. Dixie Feed & Seed Co.*, 112 Ga. App. 562, 563 (2) (145 SE2d 820) (1965). Agreement as to the amount and a promise to pay are essential requisites. Id. at 564 (2).

The plaintiff alleged in its complaint that the prior judgment established a judgment-creditor relationship between the parties, and that Z-Space is indebted to the plaintiff on an account in the principal amount of the judgment; thus, the judgment itself is the account stated. However, we have never held that a judgment, standing alone, can be an account stated, and we decline to do so here. See OCGA § 9-11-69 ("Process to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise."); *Black v. Black*, 245 Ga. 281, 282 (2) (264 SE2d 216) (1980) ("A garnishment proceeds from a money judgment."). The

6

plaintiff alleged no facts in the complaint indicating the existence of a commercial account or an agreement between the parties as to the judgment.

Additionally, the plaintiff makes the conclusory allegation that all the defendants have made an express or implied agreement as to the prior judgment, thereby creating an account stated. We cannot agree. Even taking the facts in the complaint as true, nothing in the complaint shows an agreement between the parties as to an amount or a promise to pay, and the jury's verdict of liability simply does not create an account. Neither this Court nor the trial court is required to accept the plaintiff's legal conclusion that the judgment is the equivalent of an account stated, and couching it as a fact will not defeat a motion to dismiss. *Mabra v. SF, Inc.*, 316 Ga. App. 62, 65 (728 SE2d 737) (2012).

Nor does the complaint state a claim for unjust enrichment. "The theory of unjust enrichment applies when as a matter of fact there is no legal contract, but where the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefited party equitably ought to return or compensate for." (Citation and punctuation omitted.) *Smith v. McClung*, 215 Ga. App. 786, 789 (3) (452 SE2d 229) (1994). The plaintiff alleged Z-Space transferred cash, goodwill, and other assets between 2010 and 2013 to Z-Space Design without

adequate consideration and thereby unjustly enriched Z-Space Design. However, there are no facts alleged in the complaint that the plaintiff conferred any benefit to the defendants. Thus, the trial court erred in not dismissing the claim for account stated/unjust enrichment for failure to state a claim.

2. The defendants next argue that the trial court erred in denying their motions as to the plaintiff's civil RICO claim, OCGA § 16-14-1 et seq., because: (1) fraudulent transfer is not a predicate RICO act, and the plaintiff failed to allege facts sufficient to support the use of theft of any kind as a predicate offense; (2) the plaintiff failed to allege a conspiracy required for a RICO claim; (3) the plaintiff failed to allege facts sufficient to support a claim for mail or wire fraud as a predicate offense; and (4) the plaintiff failed to allege a nexus between any predicate act and the alleged damages. We conclude the trial court properly denied the motion to dismiss regarding mail and wire fraud, but that it should have granted the motion for more definite statement as to these claims. We further conclude that the trial court should have granted the motion to dismiss as to the theft and conspiracy claims.

The Georgia civil RICO statute prohibits a person from obtaining money or participating in an "enterprise" through a "pattern of racketeering activity." OCGA § 16-14-4 (a)-(b). The term "racketeering activity" means the commission of at least

8

one of the enumerated types of crimes listed in the RICO statute, also known as predicate offenses. OCGA § 16-14-3 (5) (A), (C); see also *Jordan v. Tri County AG, Inc.*, 248 Ga. App. 661, 666 (15) (546 SE2d 528) (2001). As is relevant here, a "pattern" means "engaging in at least two incidents of racketeering activity." OCGA § 16-14-3 (4) (A). Here, the plaintiff alleged, as the predicate offenses, theft, mail fraud, and wire fraud. We address each in turn.

**a. Theft as a predicate offense under Georgia RICO statute**

In the complaint, the plaintiff asserted that the defendants committed a fraudulent transfer of Z-Space's assets. Fraudulent transfer is not an enumerated predicate offense under the Georgia RICO statute. See OCGA § 16-14-3 (5) (A). Instead, fraudulent transfer is a civil tort governed by the Uniform Voidable Transactions Act ("UVTA"), OCGA § 18-2-70 et seq.

The plaintiff attempts to couch its fraudulent transfer claim as a theft to be a predicate offense under OCGA § 16-14-3 (5) (A) (xii). Specifically, the plaintiff alleged the defendants have engaged in prohibited activity by (1) unlawfully taking and appropriating the plaintiff's money and property, in violation of OCGA § 16-8-2 (theft by taking); (2) unlawfully converting the plaintiff's money and property, in violation of OCGA § 16-8-4 (theft by conversion); and (3) unlawfully obtaining the

9

plaintiff's money and property by deceitful means and artful practices with the intent to deprive the plaintiff of its property, in violation of OCGA § 16-8-3 (theft by deception). However, the plaintiff failed to allege in the complaint specific acts to show the defendants committed any form of theft.

"A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property . . ." OCGA § 16-8-2. "A person commits the offense of theft by conversion when, having lawfully obtained funds or other property of another . . . under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation." OCGA § 16-8-4 (a). And "[a] person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property." OCGA § 16-8-3 (a). Moreover, "[t]he gravamen of theft by deception lies in obtaining the property of another by intentionally creating a false impression as to an existing fact or past event." (Citation and punctuation omitted.) *Ellerbee v. State*, 256 Ga. App. 848, 851 (1) (569 SE2d 902) (2002).

10

As to all of these offenses, the act of obtaining, taking, converting, or appropriating the *property of another* is a common element. See OCGA § 16-8-2; OCGA § 16-8-3 (a); OCGA § 16-8-4 (a). Here, in its complaint, the plaintiff alleged that the defendants improperly transferred assets from Z-Space to Z-Space Design to avoid paying the judgment, but there is no allegation they did anything with property belonging to the plaintiff. The assets of Z-Space do not belong to the plaintiff by virtue of it obtaining a judgment. By the plaintiff's own admission in the complaint, the alleged fraudulently transferred assets were those of *Z-Space*, not the plaintiff. *Elliot v. State*, 149 Ga. App. 579, 581 (1) (254 SE2d 900) (1979) (a defendant could not be guilty of theft by taking where he had a rightful possession of the property in question). Further, although the $332,835.20 judgment the plaintiff obtained against the defendants could, arguably, be considered an "other known legal obligation" under the theft-by-conversion theory, see OCGA § 16-8-4 (a), the plaintiff's claim still fails because money is not subject to a civil action for conversion. *Taylor v. Powertel, Inc.*, 250 Ga. App. 356, 359 (2) (551 SE2d 765) (2001) (holding that "[w]hile money constitutes personal property, money is intangible personalty that is fungible, because it belongs to a class of property which cannot be differentiated by

11

specific identification unless there has been created a specific fund that has been set aside from other money.").[3]

**b. The requirements needed for conspiracy under Georgia RICO statute**

Because the fraudulent transfer, as alleged in the complaint, does not qualify as a racketeering activity under the Georgia RICO statute, even if the defendants conspired to commit acts of theft in furtherance of a fraudulent transfer, such a conspiracy would not violate the RICO statute. OCGA § 16-14-4 (a)-(c); see also *Wylie v. Denton*, 323 Ga. App. 161, 165 (1) (746 SE2d 689) (2013) ("a person may be found liable for RICO conspiracy if they knowingly and willfully join a conspiracy which itself contains a common plan or purpose to commit two or more predicate acts") (citation and punctuation omitted). As such, the trial court erred in not dismissing the plaintiff's claim for conspiracy under the Georgia RICO statute.

**c. Mail and wire fraud as a predicate offense under the RICO statute**

Mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in

---

[3] In light of our conclusion that there was no theft, we need not address the plaintiff's nexus allegations. See Division 2 (a).

furtherance of that scheme.[4] *Feldman v. American Dawn, Inc.*, 849 F3d 1333, 1343 (III) (B) (11th Cir.), cert. denied, (138 SCt 322, 199 LE2d 210) (2017); see also OCGA § 16-14-3 (5) (C); 18 USC §§ 1341 (mail fraud) and 1343 (wire fraud). "In all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." OCGA § 9-11-9 (b). "A scheme to defraud requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." *United States v. Maxwell*, 579 F3d 1282, 1299 (II) (B) (11th Cir. 2009). Likewise, allegations of mail and wire fraud in a civil RICO action must not only be pled in accordance with the heightened pleading standard of OCGA § 9-11-9 (b), but also are required to include such matters as the time, place, and content of the alleged misrepresentations, as well as who made the alleged misrepresentations and to whom. *American Dental Assn. v. Cigna Corp.*, 605 F3d 1283, 1291-1292 (III) (B) (11th Cir. 2010).

---

[4] In its complaint, the plaintiff asserts mail and wire fraud in violation of the federal statutes 18 USC §§ 1343 and 1341. Under the Georgia RICO statute, "racketeering activity" includes any conduct defined as such under the federal statute 18 USC § 1961 (1). See OCGA § 16-14-3 (C). 18 USC § 1961 (1) includes mail and wire fraud under the above statutes as "racketeering activity." Thus, we evaluate this claim under federal law.

Unlike the allegations supporting the theft claims, the complaint does set forth elements of mail and wire fraud as a predicate offense under the RICO statute, although not with the required specificity. Here, the plaintiff alleged in the complaint that the defendants made misrepresentations or false statements on their website claiming that Z-Space Design has been in business for almost 40 years and performed more than 2,000 installations. However, the plaintiff failed to present specific facts showing how the defendants participated in a scheme to defraud the plaintiff of its money or property through the use of this advertisement. Nor has it shown how any of these statements, even if shown to be false, harmed the plaintiff.

Also, the plaintiff asserted only generalized allegations that certain acts of fraudulent transfer occurred between 2010 and 2013. It alleged that the defendants unlawfully sent, or caused to be sent, letters, corporate documents, bank statements, and agreements through the mail. The plaintiff alleged the defendants used electronic mail and telephone communications for the purpose of executing and attempting to execute the defendants' fraudulent scheme. It also alleged the defendants sent deceptive commercial electronic mail, in violation of OCGA § 16-9-101, and filed false tax returns, in violation of 26 USC § 7206 (a). The plaintiff, however, does not

14

identify specific documents, times, or dates of any transfers or for any of these alleged events.

As the plaintiff acknowledges, both sides engaged in post-judgment discovery. The plaintiff further indicated the details of these transfers would be documented through the discovery process.

> Although fraud must be pled with particularity under OCGA § 9-11-9 (b), a complaint alleging fraud should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief. Rather than move to dismiss, a defendant seeking greater particularity may either move for a more definite statement or wait for the outcome of discovery.

(Citation omitted.) *Roberts v. Nessin*, 297 Ga. App 278, 284-285 (2) (676 SE2d 734) (2009). Here, the trial court properly denied the motion to dismiss this claim. However, it should have required the claim to be pled with more specificity, as the defendants requested. Where the plaintiff failed to plead its claims of fraud with particularity, "the proper remedy to address such deficiencies in pleading is a motion for a more definite statement, not a dismissal of the complaint." (Citation and punctuation omitted.) *Osprey Cove Real Estate v. Towerview Constr.*, 343 Ga. App. 436, 441 (3) (808 SE2d 425) (2017). We, therefore, vacate the trial court's order as

15

to this claim, and remand the case with direction for the trial court to instruct the plaintiff to file a more definite statement.

3. The defendants next assert the trial court erred in failing to dismiss the plaintiff's alter ego claim as barred by the doctrine of res judicata and because there is an adequate remedy at law. We disagree.

The plaintiff asserted a claim for alter ego against Zakas and Milic, claiming they disregarded Z-Space's corporate form for their own benefit and with the intent to defraud the plaintiff by fraudulently transferring Z-Space's assets to Z-Space Design. It also alleged Zakas and Milic created Z-Space Design in an attempt to avoid the judgment awarded to the plaintiff while still operating with the same assets, know-how, and good will, in the same line of business, and at the same principal place of business. It alleged that the defendants' conduct resulted in such unity of interest and ownership that the separate personalities of the entities ceased to exist. The plaintiff further alleged it was appropriate to pierce the corporate veil as to Zakas because he commingled the assets of Z-Space and undercapitalized Z-Space Design as an instrument of fraud in order to obtain access to Z-Space's contracts, which he used to enrich himself and Z-Space Design.

16

The doctrine of res judicata is that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40; see also *Lawson v. Watkins*, 261 Ga. 147, 149 (2) (401 SE2d 719) (1991).

We find the doctrine inapplicable here. Pretermitting whether there could be privity between Zakas and Milic or Z-Space and Z-Space Design, the allegations of the current action involve the conduct surrounding the transfer of Z-Space's assets to Z-Space Design. These actions did not occur until after the verdict and judgment was issued in the initial action. As such, the plaintiff could not have brought these claims in the first suit. Therefore, the current alter ego claim is not barred by the doctrine of res judicata. *Lawson*, 261 Ga. at 150 (2).

Further, the defendants argue the plaintiff's alter ego claim should be dismissed because it has an adequate remedy at law under the UVTA. ["D]isregard of the corporate form rests on equitable principles. As a consequence, it is appropriately granted only in the absence of adequate remedies at law." (Citations omitted.) *Acree v. McMahan*, 276 Ga. 880, 882 (585 SE2d 873) (2003). However, a plaintiff is

17

permitted to bring alternate theories of recovery as a claim for money damages and a claim to set aside a fraudulent conveyance. See *Miller v. Turner*, 228 Ga. 701, 702 (1) (c) (187 SE2d 688) (1972) (both legal and equitable claims may be set forth in the same complaint, and a plaintiff is not required to elect between two alternative allegations); see also OCGA § 9-11-8 (e) (2) ("[a] party may state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or on equitable grounds or on both.").

Here, the defendants asserted that the plaintiff could plead a claim under the UVTA for any alleged improper transfers. Defendants are correct that the plaintiff could seek to void any alleged fraudulent transfer of assets and, if such is proven, it could obtain compensation from Z-Space Design for the value of such assets. See OCGA § 18-2-77 (b) ("If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds."). However, the plaintiff is also permitted to plead a claim in equity under an alter ego theory. As such, the plaintiff is allowed to proceed under both a legal remedy and an equitable remedy in the same complaint. *Miller*, 228 Ga. at 702 (1) (c). Accordingly, the trial court properly denied the defendants' motion to dismiss the plaintiff's alter ego claim.

4. Next, the defendants argue the trial court erred in failing to dismiss, or alternatively order a more definite statement of, the fraudulent conveyance, fraudulent sale, and fraudulent attempt to avoid judgment claims because the plaintiff did not plead such claims with the requisite particularity. We conclude the trial court properly denied the motion to dismiss regarding the fraudulent conveyance, fraudulent sale, and fraudulent attempt to avoid judgment claims, but that it should have granted the motion for a more definite statement as to these claims.

Under current Georgia law, "in all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity." OCGA § 9-11-9 (b). In paragraphs 79 through 104 of its complaint, the plaintiff recited various facts in support of its claims for fraudulent conveyance, fraudulent sale, and fraudulent attempt to avoid judgment, but without the requisite particularity. Specifically, the plaintiff alleged that the transfer was of substantially all of Z-Space's assets, the transfer occurred shortly before or shortly after Z-Space incurred a substantial debt, and that Zakas and Z-Space were either insolvent or became insolvent and unable to pay the judgment shortly after the transfer was made. In support thereof, the plaintiff alleged that the transfer or transfers occurred sometime in 2011, 2012, and 2013 by wire transfer, checks, or other debits, and that Z-Space's

19

tax returns are false in that the amounts indicated were deducted from Z-Space's bank accounts to deplete its assets available to satisfy the judgment. The plaintiff also alleged that Z-Space transferred other assets beginning in 2011, including clients/goodwill. The plaintiff further asserted that the defendant Z-Space, through its attorney, notified the plaintiff that Z-Space had no assets and was no longer in business, which was a false statement made to conceal the transfer of cash, goodwill, intellectual property, Z-Space's logo/trademark, and business know-how to Z-Space Design; all to mislead and deceive the plaintiff and to avoid paying the judgment. The plaintiff does not allege specific documents, times, or dates of any transfers, nor does it give specifics for any of the other alleged events, despite the fact that it has engaged in post-judgment discovery.

As such, the trial court properly denied the motion to dismiss the plaintiff's claims because these facts are sufficient under the Civil Practice Act to place the defendants on notice of the basis of the plaintiff's fraudulent conveyance, fraudulent sale, and fraudulent attempt to avoid the judgment claims.[5] However, as discussed in

[5] "A complaint must contain a short and plain statement of the claims showing that the pleader is entitled to relief, and this short and. . . plain statement must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading." (Citations and punctuation omitted.) *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 89-90 (720 SE2d 370) (2011);

Division 2 (c), these averments of fraud must likewise be pled with specificity, and the trial court should have ordered the plaintiff to provide a more definite statement. *Osprey Cove Real Estate*, 343 Ga. App. at 441 (3). Accordingly, we vacate the trial court's order as to these claims as well and remand the case with direction for the trial court to instruct the plaintiff to file a more definite statement.

5. The defendants also argue that the trial court erred in failing to dismiss, or alternatively order a more definite statement of, the plaintiff's claim for conspiracy to fraudulently convey assets because the complaint fails to properly allege an underlying tort. We discern no error.

A conspiracy is "proof of a common design establishing that two or more persons in any manner, either positively or tacitly, arrive at a mutual understanding as to how they will accomplish an unlawful design." (Citations omitted.) *McIntree v. Deramus*, 313 Ga. App. 653, 656 (722 SE2d 377) (2012). "The conspiracy of itself furnishes no cause of action. The gist of the action is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." (Citation and punctuation omitted.) Id. at 656.

---

see also OCGA § 9-11-8 (a) (2) (A).

21

The plaintiff alleged the defendants conspired and acted in concert to create, capitalize, and operate Z-Space Design in an attempt to aid and abet the fraudulent conveyance of assets from Z-Space as part of an attempt to avoid paying the judgment to the plaintiff. The plaintiff alleged Z-Space Design is a mere continuation of Z-Space and, as a result, is liable for the judgment entered against Z-Space as a successor entity.

As indicated above, the plaintiff's claims for fraudulent conveyance, fraudulent sale, and fraudulent attempt to avoid judgment survive the motion to dismiss. For the same reason, the plaintiff's conspiracy claim based on fraudulent conveyance of assets likewise survives. Moreover, this Court has recognized that a corporation can engage in a conspiracy with its own officers. *Northwest Plaza, LLC v. Northeast Enterprises, Inc.*, 305 Ga. App. 182, 193 (4) (699 SE2d 410) (2010) (holding that "because a corporation and its [shareholders] are distinct persons, they may be held liable for conspiring with each other.") (punctuation omitted); see also *Duvall v. Cronic*, 347 Ga. App. 763, 774 (2) (c) (i) (820 SE2d 780) (2018) (holding that under the RICO Act, "an officer of a corporation may be in conspiracy with the corporation itself."). Accordingly, the trial court did not err in denying the defendants' motion to dismiss this claim.

6. Finally, because we conclude that the plaintiff has alleged sufficient facts to set forth some of the claims as illustrated above, the trial court properly denied the motion to dismiss the derivative claims for punitive damages, attorney fees, and interest. Compare *Stephen A. Wheat Trust v. Sparks*, 325 Ga. App. 673, 682 (7) (754 SE2d 640) (2014) (because the trial court erred in granting summary judgment on the substantive fraud claims, the court likewise erred in granting summary judgment on the request for punitive damages and attorney fees as derivative of those claims).

In sum, we conclude the trial court erred in failing to dismiss the plaintiff's claim for account stated/unjust enrichment and its civil RICO claim for theft, and we reverse the trial court's order as to these claims. We further find that the trial court properly denied the motion to dismiss the plaintiff's civil RICO claim for mail and wire fraud and the claims for fraudulent conveyance, fraudulent sale, and fraudulent attempt to avoid judgment, but that it erred in denying the motion for a more definite statement with regard to these claims. Therefore, we affirm the trial court's denial of the motion to dismiss as to those claims, but we vacate the trial court's denial of the motion for more definite statement, and remand the case for the trial court to instruct the plaintiff to file a more definite statement.

*Judgment affirmed in part, vacated in part, reversed in part, and case remanded with direction. McFadden, P. J., and Rickman, J., concur.*